**UNITED STATES of America, Appellee,**

v.

**Mary K. HARRISON, as Trustee of Charles L. Harrison Family Equity Trust, Appellant,**

**Don Steele, Assistant Manager, Thomson and McKinnon, Auchinclos, Kohlmeyer, Inc.**

**Charles L. Harrison, as Trustee of Charles L. Harrison Family Equity Trust, Appellant.**

**County Bank of Chesterfield.**

**No. 81–1063.**

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1981.

Decided July 15, 1981.

---

John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, William A. Whitledge, Attys., Tax Division, Dept. of Justice, Washington, D. C., for appellee; Robert D. Kingsland, U. S. Atty., St. Louis, Mo., of counsel.

Charles L. Harrison and Mary K. Harrison, pro se.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

HEANEY, Circuit Judge.

Mary Kay Harrison and Charles L. Harrison appeal from a December 30, 1980, order of the United States District Court holding them in contempt of court and fining them each $100 per day until they produce records in response to Internal Revenue Service summonses. We affirm.

The summonses in question were issued as part of a tax liability investigation of an entity known as the Charles L. Harrison Family Equity Trust. The IRS issued summonses to a bank and to the assistant manager of a brokerage firm, requiring them to produce their business records of transac-

tions taken by or on behalf of the Trust. It also issued summonses to each Harrison, as trustees of the Trust, requiring that the books and records of the Trust be produced for examination. The Harrisons caused the bank and brokerage firm to refuse compliance with the summonses under section 7609 of the Internal Revenue Code, and also refused to comply with the summonses issued them as trustees.

The government petitioned the district court for orders enforcing all four summonses. A hearing was conducted before a United States Magistrate who filed a report recommending that the summonses be enforced. The district court ordered enforcement of the summonses on March 3, 1980.[1] The Harrisons' appeal to this Court was dismissed for failure to prosecute on August 15, 1980. On August 29, 1980, the district court again ordered the Harrisons to comply.

On September 30, 1980, Charles L. Harrison appeared before the IRS agent as ordered, but he refused to produce the documents as required, justifying his refusal as an exercise of his Fifth Amendment privilege against compulsory self-incrimination. Mary Kay Harrison did likewise on October 8, 1980. The United States then filed a petition in district court seeking to have the Harrisons held in contempt for their failure to obey the court's order to produce the records. Following a hearing, the United States Magistrate recommended that the Harrisons be held in contempt and each fined $100 per day until the documents were produced. By order of December 30, 1980, the district court adopted the magistrate's recommendation. On February 18, 1981, this Court granted a stay of the district court's order pending disposition of this appeal.

The Harrisons' primary contention on appeal is that their refusal to comply with the district court's production order was excused by their invocation of the Fifth Amendment privilege against self-incrimination. This contention is without merit.

The Fifth Amendment privilege, of course, protects against compulsory production of an individual's personal papers and effects as well as oral testimony. It is well established, moreover, that this privilege applies to the business records of sole proprietors or sole practitioners, as well as to documents of a purely personal nature. *See Bellis v. United States*, 417 U.S. 85, 87, 94 S.Ct. 2179, 2182, 40 L.Ed.2d 678 (1974). "On the other hand, an equally long line of cases has established that an individual cannot rely upon the privilege to avoid producing the records of a collective entity which are in his possession in a representative capacity, even if these records might incriminate him personally." *Id.* at 88, 94 S.Ct. at 2183.

The magistrate found that the records sought in this case were records of the Trust, not the personal records of the Harrisons, and, consequently, that no Fifth Amendment privilege could be asserted. We agree. The Trust is unquestionably a legally separate entity under Missouri law, it filed separate income tax returns for several years and it is clear that the Harrisons act in a representational capacity as trustees. Thus, the Supreme Court's decision in *Bellis* is directly applicable.

The Harrisons maintain that *Bellis* should not apply because this case involves a small family trust and the records in question are informal ones that do not really belong to the trust. While we are aware that the Supreme Court observed in *Bellis* that "[t]his might be a different case if it involved a small family partnership," *id.* at 101, we are not persuaded that the Charles L. Harrison Family Equity Trust qualifies for such an exemption from the general rule. The Trust is a formally organized entity, legally distinct from its trustees, the Harrisons. In our view, those who form a separate business entity, hold that entity out as distinct and apart from the individuals involved, and file separate tax returns on behalf of the entity, are estopped from

1. Both the bank and the brokerage firm complied with the district court orders directing them to produce documents. Those orders are not at issue in this appeal.

denying the existence and viability of that entity for Fifth Amendment purposes. *See United States v. Theodore*, 479 F.2d 749, 753 (4th Cir. 1973). Accordingly, we hold that no Fifth Amendment privilege is available to prevent disclosure of the Trust documents.

 The Harrisons also assert that they were denied an opportunity to object to the magistrate's report because the district court treated their "Motion for Revision and Restatement of Magistrate's Report and Recommendation" as their objections, even though, through that document, they intended only to seek clarification of the report. We are satisfied, however, that the district court did not abuse its discretion by adopting the magistrate's report without seeking a second response to the report from the Harrisons.

Finally, the Harrisons maintain in their briefs that some other constitutional privilege excuses their failure to comply with the district court's disclosure orders. Specifically, the appellants contend that the First or Fourth Amendments justify their actions. We fail to see how this could be so.

The order of the district court is affirmed.