Howard H. and Betty J. WATSON, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 82–4002
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 27, 1982.

Joe Alfred Izen, Jr., Houston, Tex., for petitioners-appellants.

Glenn L. Archer, Jr., Asst. Atty. Gen., Carleton D. Powell, Atty., Michael L. Paup, Chief, Appellate Section, Jay W. Miller, Tax Div., Dept. of Justice, Washington, D. C., John H. Menzel, Director, Tax Lit. Div., IRS, Henry G. Salamy, Washington, D. C., for respondent-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

The Commissioner of Internal Revenue assessed deficiencies in the 1977 and 1978 income taxes of Howard and Betty Watson. They filed an action in the United States Tax Court seeking a redetermination of the Commissioner's finding. The court subsequently dismissed the Watsons' case under Rule 123(b) of its Rules of Practice and Procedure for failing to comply with a discovery order. We affirm that action.

The deficiencies assessed by the Commissioner resulted primarily from his disallowance of deductions taken by the Watsons related to one H. H. B. J. Watson Constitutional Pure Equity Trust. After the Watsons commenced this action, the Commissioner requested documents and records pertaining to the trust, but the Watsons refused to produce them. On May 28, 1981, the Commissioner moved the court to compel production. The Watsons countered with an application for a protective order and a motion to strike the Commissioner's motion to compel. After a hearing on July 1, at which the Watsons were unrepresented, the court ordered production of the documents no later than August 31. The Watsons failed to comply with this order but instead, relying on counsel for the first time, filed a motion asking the court to review the documents *in camera* in order to rule on their assertion of the fifth amendment privilege against self-incrimination. On September 1 the Commissioner responded with a motion seeking dismissal for the Watsons' failure to comply with the court's July 1 order. At a hearing on this motion

on October 19, the Watsons acknowledged this failure but still insisted on their right to an *in camera* review. The court concluded that the Watsons' violation of the July 1 order was unjustified and dismissed the case with prejudice.

The proper test for review of a Rule 123(b) dismissal, like a dismissal under Fed.R.Civ.P. 41, is whether the trial court abused its discretion. *Crandall v. Commissioner,* 650 F.2d 659, 660 (5th Cir. 1981); *Freedson v. Commissioner,* 565 F.2d 954, 954–55 (5th Cir. 1978). Here there was no abuse. The Watsons inexcusably defied the court's July 1 order, arguing belatedly that the documents sought were privileged. This contention had already been rejected by the court when it denied the Watsons' application for a protective order and granted the Commissioner's motion to compel. Their motion reasserting the privilege was untimely.

Additionally, the Watsons' reliance on the privilege is misplaced. The documents sought were those of the H. H. B. J. Watson Constitutional Pure Equity Trust, not the Watsons' personal papers. The fifth amendment privilege is purely personal. *United States v. White,* 322 U.S. 694, 699, 64 S.Ct. 1248, 1251, 88 L.Ed. 1542 (1944). It does not extend to the documents of an artificial entity, such as a trust, held by an individual in a representative capacity. *E.g., Bellis v. United States,* 417 U.S. 85, 90, 94 S.Ct. 2179, 2184, 40 L.Ed.2d 678 (1974); *United States v. Hankins,* 565 F.2d 1344, 1349 (5th Cir. 1978), *cert. denied,* 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1979). Thus, the Watsons' claim to the privilege is meritless.

*United States v. Harrison,* 653 F.2d 359 (8th Cir. 1981), is directly on point. There two taxpayers, a husband and wife, sought to shield the records of the Charles L. Harrison Family Equity Trust from IRS scrutiny by interposing the fifth amendment. The court rejected the Harrisons' claim, stating that "those who form a separate business entity, hold that entity out as distinct and apart from the individuals involved, and file separate tax returns on behalf of the entity, are estopped from denying the existence and viability of that entity for Fifth Amendment purposes." *Id.* at 361–62. This logic is compelling. The Watsons strived valiantly, and in the Commissioner's mind improperly, to shelter income from taxation by use of a trust. It would be ironic indeed to allow them to ignore that very same trust in order to rely on the fifth amendment now that their trust has come to the Commissioner's attention and they allegedly fear criminal prosecution.

In sum, we reject the Watsons' fifth amendment claim. The documents sought by the Commissioner were discoverable. The tax court did not abuse its discretion in dismissing the Watsons' case for failure to comply with its order to produce them.

AFFIRMED.