MAURILIO ZUNIGA AND YOLANDA ZUNIGA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zuniga v. Commissioner
Docket No. 820-81.
United States Tax Court
T.C. Memo 1983-14; 1983 Tax Ct. Memo LEXIS 777; 45 T.C.M. (CCH) 498; T.C.M. (RIA) 83014; January 10, 1983. Maurilio Zuniga, pro se. Sara W. Dalton, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes and additions to tax: Addition to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
1977
$684.00
$34.20
1978
1,081.00
$29.10
78.60
1979
474.00
23.70
At issue are (1) whether petitioners are entitled to claimed Schedule C business expense deductions, certain itemized deductions in excess of the zero bracket amount, earned income credits, and additional exemptions; and (2) whether they are liable for the additions *778 to tax under sections 6651(a) and 6653(a). Petitioners were residents of Kyle, Texas, at the time they filed their petition herein. They timely filed joint Federal income tax returns for the years 1977 through 1979. For 1977 they filed an amended return reporting additional wage and interest income and itemizing deductions. This amended return was not processed by respondent. Such returns were prepared by James M. Damon of Austin, Texas, who was convicted on April 28, 1981, in the United States District Court for the Western District of Texas, Austin Division, of preparing false and fraudulent returns in violation of section 7206(2) of the Code. Mr. Damon would have taxpayers, who were wage earners, report self-employment business income and deductions on Schedule C of Form 1040 incorrectly reflecting substantial business losses.
In 1977 Maurilio Zuniga was employed by The University of Texas at Austin and by Woodward, Inc. In 1978 he was employed by The University of Texas and by Longhorn Machine Works.In 1979 he was employed by The University of Texas, Shelter Products, J.C. Evans Construction Company, Longhorn Machine Works and Haberman Construction Company. In 1978 and *779 1979 Yolanda Zuniga was employed by The University of Texas at Austin. Neither petitioner was self-employed during the years in issue. The deductions claimed by them on Schedule C of their Form 1040 for each year, as well as itemized deductions, credits and additional exemptions were disallowed by respondent for lack of substantiation. On September 22, 1982, respondent served on petitioners a Request for Admissions pursuant to Rule 90. [2] Paragraphs 8 through 10 and 12 through 14 of the requests for admissions read as follows: 8. Petitioners are entitled to no itemized deductions for 1977, 1978, and 1979 in excess of the standard deduction. [3]
9. Petitioners are entitled to no business expense deductions in 1977, 1978, and 1979. 10. Petitioners are entitled to no earned income credits in 1977, 1978, and 1979. 12. Petitioners received unreported, taxable wage income in 1977 from U.T. as set forth in the Notices. 13. Petitioners are entitled to no exemptions other than *780 those allowed in the Notices. 14. Petitioners received unreported, taxable interest income in 1977 as set forth in the Notices. Petitioner has not answered any of the admissions set forth above. Therefore, pursuant to Rule 90(c) and (e), each such matter is deemed admitted for the purposes of this case. Freedson v. Commissioner,65 T.C. 333, 335 (1975), affd. 565 F.2d 954 (5th Cir. 1978). When this case was called for trial petitioners offered no evidence in support of the assignments of error raised in their petition. They have the burden of proving that respondent's determination with respect to the deficiencies and additions to tax is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). They have failed to carry their burden. Therefore, we sustain respondent's determination in all respects. We reject petitioners' Fifth Amendment claim. The privilege against self-incrimination under the Fifth Amendment to the United States Constitution does not apply where the possibility of criminal prosecution is remote or unlikely, and remote or speculative possibilities of prosecution for unspecified crimes are not *781 sufficient. Rechtzigel v. Commissioner,79 T.C. 132 (1982), on appeal (8th Cir., Aug. 30, 1982); Reiff v. Commissioner,77 T.C. 1169, 1174 (1981); McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), on appeal (9th Cir., Sept. 15, 1981); Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,71 T.C. 633, 637-638 (1979); Ryan v. Commissioner,67 T.C. 212, 217 (1976), affd. 568 F.2d 531, 539 (7th Cir. 1977); Roberts v. Commissioner,62 T.C. 834, 837-838 (1974); Figueiredo v. Commissioner,54 T.C. 1508, 1511-1512 (1970), affd. in an unpublished order (9th Cir., March 14, 1973). Here the Court is satisfied that any possible danger of self-incrimination for a tax or nontax crime is so remote and so speculative that it cannot support a Fifth Amendment claim. We also think their Fifth Amendment claim is frivolous since respondent's counsel represented to the Court that no criminal tax prosecution of petitioners has been recommended and no such action is contemplated. See Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982); *782 United States v. Johnson,577 F.2d 1304, 1311 (5th Cir. 1978); and Watson v. Commissioner,690 F.2d 429 (5th Cir. 1982). In view of the foregoing, Decision will be entered for the respondent.
Footnotes
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. We note that the zero bracket amount replaced the standard deduction for the years 1977 and thereafter.↩