ALLIE GREEN, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Green v. Commissioner
Docket No. 11089-81.
United States Tax Court
T.C. Memo 1983-16; 1983 Tax Ct. Memo LEXIS 770; 45 T.C.M. (CCH) 501; T.C.M. (RIA) 83016; January 11, 1983. Allie Green, Jr., pro se. Sara W. Dalton, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax: Addition to Tax
Year
Deficiency
Sec. 6653(a) [1]
1977
$ 608.00
$30.40
1978
1,146.00
57.30
1979
1,202.00
60.10
At issue are (1) whether petitioner has substantiated claimed deductions and business expenses; and (2) whether he is liable for the additions to tax under section 6653(a). Petitioner was a resident of Austin, Texas, at the time he filed his petition in this case. He and his wife, Jackie Green, filed joint Federal *771 income tax returns for the years 1977 through 1979. Such returns were prepared by James M. Damon of Austin, Texas, who was convicted on April 28, 1981, in the United States District Court for the Western District of Texas, Austin Division, of preparing false and fraudulent returns in violation of section 7206(2) of the Code. Mr. Damon would have taxpayers, who were wage earners, report self-employment business income and deductions on Schedule C of Form 1040 incorrectly reflecting substantial business losses. During the years 1977 through 1979 the petitioner was an employee of the American Transit Corporation in Austin. He was not self-employed. The deductions he claimed on Schedule C of his Form 1040 for each year and the itemized deductions in excess of the zero bracket amount were all disallowed by respondent in his notice of deficiency. On September 14, 1982, respondent served on petitioner a Request for Admissions pursuant to Rule 90. [2] Paragraphs 6 and 7 of the request for admissions read as follows: 6. Petitioner is entitled to no itemized deductions for 1977, 1978 and 1979 in excess *772 of the standard deduction. [3]
7. Petitioner is entitled to no business expense deductions in 1977, 1978 and 1979. Petitioner has not answered any of the admissions set forth above. Therefore, pursuant to Rule 90(c) and (e), each such matter is deemed admitted for the purposes of this case. Freedson v. Commissioner,65 T.C. 333, 335 (1975), affd. 565 F.2d 954 (5th Cir. 1978). When this case was called for trial the petitioner offered no evidence in support of the assignments of error raised in his petition. He had the burden of proving that respondent's determination with respect to the deficiencies and additions to tax is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). He has failed to carry his burden. Therefore, we sustain respondent's determination in all respects. We reject petitioner's Fifth Amendment claim. The privilege against self-incrimination under the Fifth Amendment to the United States Constitution does not apply where the possibility of criminal prosecution is remote or unlikely, *773 and remote or speculative possibilities of prosecution for unspecified crimes are not sufficient. Rechtzigel v. Commissioner,79 T.C. 132 (1982), on appeal (8th Cir., Aug. 30, 1982); Reiff v. Commissioner,77 T.C. 1169, 1174 (1981); McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), on appeal (9th Cir., Sept. 15, 1981); Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,71 T.C. 633, 637-638 (1979); Ryan v. Commissioner,67 T.C. 212, 217 (1976), affd. 568 F.2d 531, 539 (7th Cir. 1977); Roberts v. Commissioner,62 T.C. 834, 837-838 (1974); Figueiredo v. Commissioner,54 T.C. 1508, 1511-1512 (1970), affd. in an unpublished order (9th Cir., March 14, 1973). Here the Court is satisfied that any possible danger of self-incrimination. for a tax or nontax crime is so remote and so specualtive that it cannot support a Fifth Amendment claim. We also think his Fifth Amendment claim is frivolous since respondent's counsel represented to the Court that no criminal tax prosecution of petitioner has been recommended and no such action *774 is contemplated. See Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982); United States v. Johnson,577 F.2d 1304, 1311 (5th Cir. 1978); and Watson v. Commissioner,690 F.2d 429 (5th Cir. 1982). In view of the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise indicated.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. We note that the zero bracket amount replaced the standard deduction for the years 1977 and thereafter.↩