WILLIE L. AND DOROTHY M. COULTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coulter v. Commissioner
Docket No. 8474-81.
United States Tax Court
T.C. Memo 1983-18; 1983 Tax Ct. Memo LEXIS 772; 45 T.C.M. (CCH) 504; T.C.M. (RIA) 83018; January 11, 1983. Willie L. Coulter, pro se. Sara W. Dalton, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes and additions to tax: Addition to Tax
Year
Deficiency
Sec. 6653(a) [1]
1977
$ 628.00
$31.40
1978
1,122.00
56.10
1979
875.53
43.77
At issue are (1) whether petitioners are entitled to Schedule C business expense deductions and itemized deductions in excess of the zero bracket amount; and (2) whether they are liable for the additions to tax under section 6653(a). Petitioners were residents of Thrall, Texas, at the time they filed their petition *773 herein. They timely filed joint Federal income tax returns for the years 1977, 1978 and 1979. Such returns were prepared by James M. Damon of Austin, Texas, who was convicted on April 28, 1981, in the United States District Court for the Western District of Texas, Austin Division, of preparing false and fraudulent returns in violation of section 7206(2) of the Code. Mr. Damon would have taxpayers, who were wage earners, report self-employment business income and deductions on Schedule C of Form 1040 incorrectly reflection substantial business losses. During the years 1977, 1978 and 1979 Willie L. Coulter was employed by Aluminum Company of America. He was not self-employed. His wife, Dorothy Coulter, was not employed in those years. The deductions petitioners claimed on Schedule C of their Form 1040 and the itemized deductions in excess of the zero bracket amount were disallowed by respondent in his notice of deficiency. On September 22, 1982, respondent served on petitioners a Request for Admissions pursuant to Rule 90. [2] Paragraphs 6 and 7 of the request for admissions read as follows: *774 6. Petitioners are entitled to no itemized deductions for 1977, 1978, and 1979 in excess of the standard deduction. [3]
7. Petitioners are entitled to no business expense deductions in 1977, 1978, and 1979. Petitioners have not answered any of the admissions set forth above. Thereafter, pursuant to Rule 90(c) and (e), each matter contained in respondent's request is deemed admitted for the purposes of this case. Freedson v. Commissioner,65 T.C. 333, 335 (1975), affd. 565 F.2d 954 (5th Cir. 1978). When this case was called for trial at San Antonio on December 6, 1982, the petitioners offered no evidence in support of the assignments of error raised in their petition. Instead, they filed a memorandum which asserted their positions, as follows: 1. Petitioners will exercise their rights under U.S. Constitution in the Bill of Rights-Fifth Amendment Plea in reference to the release of personal files and papers to verify our Form 1040. 2. Petitioners filed a correct and signed 1040 form with the Internal Revenue Service under *775 the penalty of perjury. Therefore petitioner sees no further reason to verify such a document. 3. Petitioners request that Internal Revenue prove why my deductions should not be allowed through their own independent investigation of petitioners. 4. Petitioners deductions were disallowed because of our association with a tax consultant who committed fraud. Petitioners request Internal Revenue's legal reference for its decision. 5. Petitioners request that respondent prove each and every allegation to disallow our deductions on the 1040 forms submitted in the years 1977, 1978, and 1979. We reject petitioners' Fifth Amendment claim. The privilege against self-incrimination under the Fifth Amendment to the United States Constitution does not apply where the possibility of criminal prosecution is remote or unlikely, and remote or speculative possibilities of prosecution for unspecified crimes are not sufficient. Rechtzigel v. Commissioner,79 T.C. 132 (1982), on appeal (8th Cir., Aug. 30, 1982); Reiff v. Commissioner,77 T.C. 1169, 1174 (1981); Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,71 T.C. 633, 637-638 (1979); *776 Ryan v. Commissioner,67 T.C. 212, 217 (1976), affd. 568 F.2d 531, 539 (7th Cir. 1977); Roberts v. Commissioner,62 T.C. 834, 837-838 (1974); Figueiredo v. Commissioner,54 T.C. 1508, 1511-1512 (1970), affd. in an unpublished order (9th Cir., March 14, 1973). Here the Court is satisfied that any possible danger of self-incrimination for a tax or nontax crime is so remote and so speculative that it cannot support a Fifth Amendment claim. We also think their Fifth Amendment claim is frivolous since respondent's counsel represented to the Court that no criminal tax prosecution of petitioners has been recommended and no such action is contemplated. [4] See Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982); United States v. Johnson,577 F.2d 1304, 1311 (5th Cir. 1978); Watson v. Commissioner,690 F.2d 429 (5th Cir. 1982). *777 Contrary to petitioners' contention, respondent does not have the burden of proof. His determination is presumed to be correct. Petitioners have the burden of proving that respondent's determination in regard to the deficiencies and additions to tax is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.They have introduced no evidence and they have failed to carry their burden. Therefore, we sustain respondent's determination in all respects. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise indicated.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. We note that the zero bracket amount replaced the standard deduction for the years 1977 and thereafter.↩
4. After this case was submitted the petitioners filed a motion for an in-camera review of their records by the Court in their effort to justify the assertion of their Fifth Amendment privilege. The motion was denied on the authority of In re U.S. Hoffman Can Corp.,373 F.2d 622, 628-629↩ (3d Cir. 1967).