LARRY L. HOLLIE AND BOBBIE J. HOLLIE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hollie v. Commissioner
Docket No. 9577-81.
United States Tax Court
T.C. Memo 1983-22; 1983 Tax Ct. Memo LEXIS 765; 45 T.C.M. (CCH) 512; T.C.M. (RIA) 83022; January 13, 1983. Larry L. Hollie, pro se. Sara W. Dalton, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes and additions to tax: Addition to Tax
Year
Deficiency
Sec. 6653(a) [1]
1978
$1,353.00
$67.65
1979
1,663.00
83.15
At issue are (1) whether petitioners are entitled to claimed Schedule C business losses and itemized deductions in excess of *766 the zero bracket amount; and (2) whether they are liable for additions to tax under section 6653(a). Petitioners were residents of Thrall, Texas, at the time they filed their petition herein. They timely filed joint Federal income tax returns for the years 1978 and 1979. Such returns were prepared by James M. Damon of Austin, Texas, who was convicted on April 28, 1981, in the United States District Court for the Western District of Texas, Austin Division, of preparing false and fraudulent returns in violation of section 7206(2) of the Code. Mr. Damon would have taxpayers, who were wage earners, report self-employment business income and deductions on Schedule C of Form 1040 incorrectly reflecting substantial business losses. During 1978 Larry L. Hollie was employed by TexasUtilities Generating Company and Ranger Security Systems and in 1979 he was employed by Wag-Mart Stores, Inc. and First-Taylor National Bank. In 1978 and 1979 Bobbie J. Hollie was employed by State Farm Mutual Auto Insurance Company. Neither petitioner was self-employed. The deductions they claimed on Schedule C of their Forms 1040 for each year and the itemized deductions in excess of the zero bracket *767 amount were disallowed for lack of substantiation by respondent in his notice of deficiency. On September 22, 1982, respondent served on petitioners a Request for Admissions pursuant to Rule 90. [2] Paragraphs 6 and 7 of the request for admissions read as follows: 6. Petitioners are entitled to no itemized deductions for 1978 and 1979 in excess of the standard deduction. [3]
7. Petitioners are entitled to no business expense deductions in 1978 and 1979. Petitioners have not answered any of the admissions set forth above. Therefore, pursuant to Rule 90(c) and (e), each matter contained in respondent's request is deemed admitted for the purposes of this case. Freedson v. Commissioner,65 T.C. 333, 335 (1975), affd. 565 F.2d 954 (5th Cir. 1978). When this case was called for trial the petitioners offered no evidence in support of the assignments of error raised in their petition. Instead, they rely on assertions that (1) section 7609 was violated, *768 (2) their Fourth Amendment rights were violated, and (3) their Fifth Amendment rights were violated. There is no evidence in this record as to any violation of section 7609 relating to special procedures for third-party summonses. There is also no evidence that petitioners' Fourth Amendment rights have been violated. The audit of their Federal income tax returns constitutes no invasion of privacy or unlawful search or seizure. Cf. Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982). The privilege against self-incrimination under the Fifth Amendment to the United States Constitution does not apply where the possibility of criminal prosecution is remote or unlikely, and remote or speculative possibilities of prosecution for unspecified crimes are not sufficient. Rechtzigel v. Commissioner,79 T.C. 132 (1982), on appeal (8th Cir., Aug. 30, 1982); Reiff v. Commissioner,77 T.C. 1169, 1174 (1981); McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), on appeal (9th Cir., Sept. 15, 1981); Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,71 T.C. 633, 637-638 (1979); *769 Ryan v. Commissioner,67 T.C. 212, 217 (1976), affd. 568 F.2d 531, 539 (7th Cir. 1977); Roberts v. Commissioner,62 T.C. 834, 837-838 (1974); Figueiredo v. Commissioner,54 T.C. 1508, 1511-1512 (1970), affd. in an unpublished order (9th Cir., March 14, 1973). Here the Court is satisfied that any possible danger of self-incrimination for a tax or nontax crime is so remote and so speculative that it cannot support a Fifth Amendment claim. We also think their Fifth Amendment claim is frivolous since respondent's counsel represented to the Court that no criminal tax prosecution of petitioners has been recommended and no such action is contemplated. See Edwards v. Commissioner,supra;United States v. Johnson,577 F.2d 1304, 1311 (5th Cir. 1978) and Watson v. Commissioner,690 F.2d 429 (5th Cir. 1982). Petitioners have the burden of proving that respondent's determination with respect to the deficiencies and additions to tax is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. They have introduced *770 no evidence and they have failed to carry their burden. Therefore, we sustain respondent's determination in all respects. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise indicated.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. We note that the zero bracket amount replaced the standard deduction for the years 1977 and thereafter.↩