EDWARD P. DUSHA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dusha v. Commissioner
Docket No. 14421-81
United States Tax Court
T.C. Memo 1983-468; 1983 Tax Ct. Memo LEXIS 315; 46 T.C.M. (CCH) 998; T.C.M. (RIA) 83468; August 11, 1983. *315 Edward P. Dusha, pro se. Dianne Crosby, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7456(d) of the Code [1] and Rule 180, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: Respondent determined deficiencies in petitioner's Federal income tax for 1977 and 1978 and additions to the tax under section 6653(a) in the following amounts: Year Ended
Deficiency
Sec. 6653(a)
Dec. 31, 1977
$1,194.00
$ 60.00
Dec. 31, 1978
$6,824.00
$341.00
The petitioner resided in San Antonio, Texas, at the time of filing his petition. This case is before us on respondent's motion for sanctions under Rule 104(c). Respondent requests that the Court either dismiss the case, or that *316 a judgment by default be entered against petitioner. Because of petitioner's refusal to comply with court-ordered discovery, we grant respondent's request. The petition is dismissed, thereby granting judgment for respondent with respect to the deficiencies and the section 6653(a) additions to tax. In his petition, petitioner alleges that he "is a Religious, bound by a Vow of Poverty" and states, interalia, that he has learned "that he has been placed under a vigorous and expanding criminal investigation for both years." Respondent's answer denied this allegation. Thereafter, upon respondent's motions to compel petitioner to answer interrogatories and to produce documents, petitioner noted his objections to the motions, asserting that his rights under the Fourth and Fifth Amendments to the Constitution would be violated. This Court, by order dated April 23, 1982-- ORDERED that respondent's motions are granted and petitioner is directed on or before May 7, 1982, to serve on respondent's counsel separate answers to each of respondent's interrogatories served on petitioner on February 5, 1982, and shall produce to respondent's counsel the documents requested in respondent's *317 request for production of documents served on petitioner on February 5, 1982. Petitioner then, on April 30, 1982, filed a motion with the Court to grant a hearing on the matter of the Court's April 23 order, stating that he was faced with substantial hazards of self-incrimination as a result of the order. This motion was denied on May 3, 1982. Thereupon, petitioner filed a motion for reconsideration of the April 23 order and this motion was denied. Once again, the objection made was that it was impossible for petitioner to obey the order without waiving his Fifth Amendment rights against self-incrimination. Next, on May 13, 1982, petitioner filed a motion for a protective order in regard to the Court's April 23 order, and also filed a motion for clarification of the Court's April 23 order. The motion for a protective order was denied on May 13, 1982, and the motion for clarification was denied on May 14, 1982. On May 20, 1982, petitioner filed a motion for summary judgment in part and that motion was denied on the same day. Petitioner then filed an interrogatory to the respondent inquiring as to whether the respondent would grant petitioner full immunity from criminal prosecution, *318 coupled with a request for immunity to which the respondent replied, "There is no authority for the respondent to grant immunity. Furthermore, the United States Tax Court lacks jurisdiction to grant immunity and has labeled prior requests for immunity by petitioners under facts similar to those in this case as 'spurious.' See Reynolds v. Commissioner, T.C.M. 1981-364." On June 1, 1981, respondent filed a motion to impose sanctions under Tax Court Rule 104 upon petitioner because of petitioner's failure to comply with the orders of the Court. The petitioner, in his objections to respondent's motion for sanctions, included among the exhibits attached to his motion a copy of an internal memorandum of the Internal Revenue Service in regard to petitioner, Edward P. Dusha, dated July 18, 1979, which read as follows: The above case has been accepted under the selected lead agreement we have with Criminal Investigation Division. Please establish the original return(s) in the attached package on AIMS and assign for examination. So that we can monitor the success of this program, please furnish me with quarterly status reports until the case is closed. The first status report will *319 be due in my office October 5, 1979, and at the end of each 3-month period thereafter. The completed case is to be routed to Centralized Services Branch through my office. Do not serve this case. In respondent's motion to impose sanctions, paragraph 9 stated that "the petitioner is not under criminal investigation by the respondent for the years in issue." At the hearing on the motion, respondent's counsel stated: In my conversation with our trial counsel on last Thursday, June 24, I again asked if that allegation is correct. Trial counsel, Dave Johnson, informed me that to his knowledge there is no open criminal investigation of this taxpayer. The Court, on July 12, 1982, ordered the respondent to file an amendment to its motion to impose sanctions "which fully details any criminal investigation which includes the years herein as a part of such investigation." In filing this amendment, the respondent stated: In conclusion, the petitioner is not, and never has been, the subject of a criminal investigation by the respondent. Petitioner's arguments to the contrary are legally frivolous and factually incorrect. Furthermore, the respondent submits that the petitioner *320 knows from personal knowledge that he has never been under any criminal investigation by the respondent * * * Thus, the petitioner has never been under criminal investigation for the years at issue, or for any other year as of the date of the respondent's amendment. On September 14, 1982, the Tax Court, by order, stated that petitioner had been adequately informed of the extent of income tax investigations and that the Court was convinced that petitioner's concern over criminal prosecution was not well taken. Because the Court believed the petitioner was acting in good faith when he failed to answer respondent's interrogatories or to produce documents, the Court granted petitioner additional time to comply with the Court's order of April 23, 1982, and the petitioner was given until October 15, 1982, to comply with that order. Petitioner thereupon requested a stay of the September 14, 1982, order, or an extension of time within which to comply with the Court's order. Also, on October 18, 1982, the petitioner moved the Court to reconsider its order of September 14, 1982. On October 29, 1982, the motion for reconsideration was denied and the petitioner was granted an extension *321 of time until November 22, 1982, to comply with the Court's April 23, 1982, order. At that time, the respondent's motion to impose sanctions was denied without prejudice to renew said motion. The petitioner, on November 24, 1982, once again requested an extension of time for compliance with the order and on November 29, 1982, that extension-of-time request was denied. This long summary brings us to the motion presently under consideration. On December 14, 1982, the respondent, once again, moved that sanctions be imposed against petitioner for his failure to comply with the Court's order of October 29, 1982, and that the case either be dismissed or a judgment by default entered against the petitioner. Rather than complying with the order of this Court, petitioner forwarded to respondent on the date of October 15, 1982, his response to the request for production of personal books and records, as well as his response to the respondent's interrogatories. Both of these documents reiterated petitioner's claims of his right to remain silent under the Fifth Amendment. The petitioner, on January 20, 1983, filed his objection to the respondent's motions, once again asserting Fifth Amendment *322 rights. It is clear that the burden of proving the existence of danger of self-incrimination rests upon the claimant unless that burden is readily apparent. A "blanket" refusal to answer questions is unacceptable. Hoffman v. United States,341 U.S. 479, 486 (1951); Baker v. Limber,647 F.2d 912, 917 (9th Cir. 1981); United States v. Jones,538 F.2d 225, 226 (8th Cir. 1976), cert. denied 429 U.S. 1040 (1977); Rechtzigel v. Commissioner,79 T.C. 132 (1982), affd. per curiam 703 F.2d 1063 (8th Cir. 1983); Ryan v. Commissioner,67 T.C. 212, 217 (1976), affd. 568 F.2d 531, 539 (7th Cir. 1977). Here, the Court is satisfied that any possible danger of self-incrimination is so remote and so speculative that it cannot support a Fifth Amendment claim. In view of the repeated assurances of respondent's counsel that there has never been a criminal investigation of petitioner by respondent, we can only view petitioner's repetition of his Fifth Amendment claim as frivolous [3] and for purposes of delay. [4] See Watson v. Commissioner,690 F.2d 429 (5th Cir. 1982), *323 affg. an unpublished order of this Court; Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982), affg. an unpublished order of this Court; United States v. Johnson,577 F.2d 1304, 1311 (5th Cir. 1978). We impose sanctions because of petitioner's failure to comply with the orders of this Court. Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978), affg. an unpublished order of this Court. Rule 104 provides that in such a circumstance, the Court may impose the sanction of dismissal against the disobedient party. Petitioner's petition is dismissed and deficiencies as set forth in the notice of deficiency will be determined. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. All rules references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
3. It is to be noted that the Commissioner has not asserted fraud penalties in this matter. ↩
4. Furthermore, we are not unaware of the fact that petitioner, in another petition pending before this Court in regard to later years, has continued to refuse to produce records or to answer interrogatories, still relying upon his claim that he is protected from doing so by the Fifth Amendment↩.