782 F.2d 1042
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DONALD EDWARD FLYNN, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 85-1003
 United States Court of Appeals, Sixth Circuit.
 12/9/85
 
 ORDER
 BEFORE: KRUPANSKY and MILBURN, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 
 1
 Petitioner is appealing from an order of the Tax Court affirming (in substantial part) a notice of deficiency and additions to tax issued by the Commissioner, and from the Tax Court's decision to award damages to the Government under 26 U.S.C. Sec. 6673. The appeal has been referred to a panel of the Court under Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The record shows that the Commissioner of Internal Revenue determined a deficiency in the federal income taxes of petitioner Donald Edward Flynn for the year 1981 in the amount of $12,114. The Commissioner also determined additions to such taxes under 26 U.S.C. Sec. 6653(a)(1) and (a)(2) in the respective amounts of $605.70 and 50 percent of the interest due on $12,114. Petitioner on January 16, 1984, filed a petition in the Tax Court seeking a redetermination of the asserted deficiency and additions. On November 19, 1984, the Tax Court entered its order of dismissal and decision which determined a deficiency of $11,001 and additions to tax under 26 U.S.C. Sec. 6653(a)(1) and (a)(2) in the respective amounts of $550.05 and 50 percent of the interest due on the $11,001 deficiency. The Tax Court also awarded the Government damages in the amount of $500 pursuant to 26 U.S.C. Sec. 6673.
 
 
 3
 This appeal followed.
 
 
 4
 Petitioner's contentions on appeal are basically threefold:
 
 
 5
 1. That the Tax Court erred in affirming (with minor modifications) the Commissioner's determination of deficiency and additions to tax under 26 U.S.C. Sec. 6653;
 
 
 6
 2. That the Tax Court abused its discretion in awarding damages to the Government under 26 U.S.C. Sec. 6673;
 
 
 7
 3. That the disallowance of petitioner's charitable contribution to the Universal Life Church of Modesto, California, violated the Establishment Clause of the First Amendment.
 
 
 8
 In this case, the Commissioner issued petitioner a statutory notice of deficiency for the year 1981, fully disallowing a claimed charitable contribution deduction of $25,000. Petitioner claimed that he made the disputed contribution to the Universal Life Church of Modesto, California, and as such, was entitled to deduct the amount in dispute pursuant to 26 U.S.C. Sec. 170. At trial, however, petitioner failed to produce competent evidence that he had in fact made the contribution. He attempted to enter into evidence a letter from the Universal Life Church acknowledging a contribution of $25,000. The trial court refused to admit the evidence under Rule 803(6), Federal Rules of Evidence ('business record' exception to the hearsay rule).
 
 
 9
 The Federal Rules of Evidence are applicable to trials in the United States Court. Rule 143(a), Rules of Practice of the United States Tax Court. Rule 803(6), Federal Rules of Evidence, provides that records 'kept in the course of a regularly conducted business activity' are admissible as an exception to the hearsay rule if supported by the testimony of the custodian of the records or another qualified witness. Under this Court's decision in Bridger v. Union Railway Co., 355 F.2d 382, 392 (6th Cir. 1966), the actual keeper of the record need not testify, but some person 'in a position to attest to its authenticity' must appear.
 
 
 10
 In a tax Court proceeding, a deficiency asserted with respect to a charitable contribution deduction is deemed to be presumptively correct; the taxpayer has the burden of rebutting this presumption. Welch v. Helvering, 290 U.S. 111, 115 (1933); Rockwell v. Commissioner, 512 F.2d 882, 885 (9th Cir.), cert. denied, 423 U.S. 1015 (1975). In the present case, petitioner did not produce a recordkeeper or other qualified witness to authenticate the letter he wished to offer into evidence. Under Rule 149(b), Rules of Practice of the United States Tax Court, failure to produce evidence in support of an issue of fact as to which a party has the burden of proof may be grounds for dismissal. Because petitioner failed to substantiate his claim, the Tax Court did not abuse its discretion in dismissing his case. See Montgomery v. Commissioner, 367 F.2d 917, 919 (9th Cir. 1966); Watson v. Commissioner, 690 F.2d 429 (5th Cir. 1882). Likewise an assessment of additions to tax under 26 U.S.C. Sec. 6653 is deemed to be presumptively correct. Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984); Funk v. Commissioner, 687 F.2d 264, 266 (8th Cir. 1982). Such assessments are made for negligence or intentional disregard of rules and regulations with respect to income taxes. Again, petitioner presented only an unauthenticated letter from the Universal Life Church to substantiate the disputed deduction. He therefore failed to rebut the presumption of correctness attached to additions of tax under Section 6653. Therefore, it appears the Tax Court correctly dismissed petitioner's challenge to the Commissioner's decision.
 
 
 11
 Petitioner's second challenge goes to the Tax Court's decision to award damages to the Government under 26 U.S.C. Sec. 6673. That section grants the Tax Court discretion to assess damages for assertion of a frivolous or groundless claim. Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). In this case, even though a full trial was held on the charitable contributions deduction, petitioner completely failed to provide any evidence in support of his position on this issue. Therefore, petitioner's assertion was 'groundless' under Section 6673 and the Tax Court did not abuse its discretion in assessing damages.
 
 
 12
 Petitioner's last claim is that the Government violated the Establishment Clause of the First Amendment in disallowing his claimed charitable contributions deduction. Specifically, petitioner claims that in disallowing the deduction the Government has favored other churches over his church. Petitioner's Establishment Clause claim is premised on the fact that the donation claimed on his return was in fact made. The record conclusively demonstrates, however, that petitioner failed to prove that he in fact made any such donation. Therefore, since the underlying premise of petitioner's Establishment Clause claim is faulty, that claim must fail.
 
 
 13
 It appears that the questions on which decision of this cause depends are so unsubstantial as not to need further argument. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 14
 It is therefore ORDERED that the decision of the Tax Court be and it hereby is affirmed.