798 F.2d 471
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Laara M. ZEVIAR, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 85-1309.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1986.
 
 Before MARTIN and GUY, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Zeviar appeals pro se from the Tax Court's decision denying her petition for redetermination of her tax deficiencies. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Zeviar failed to file tax returns for the years 1979 and 1980. After the IRS filed a deficiency notice against her, she petitioned the Tax Court for a redetermination. Initially, the case was set for trial in Nashville, Tennessee.
 
 
 3
 Zeviar then moved her residence to Texas and filed a motion requesting that the trial be moved to a place closer to her new residence. She also claimed that she had filed a change of address before the case had been set for trial. The Tax Court denied the motion. When Zeviar failed to appear in Nashville for her trial, the case was dismissed for lack of prosecution.
 
 
 4
 Zeviar argues that it was improper for the Tax Court to deny her motion to change the place of trial. She refers to her letter to the Tax Court that allegedly notified the court of her change of address prior to the setting of trial. However, this letter was never received by the Tax Court or by the IRS. Under Tax Court Rule 140(c), the motion was untimely and was properly denied.
 
 
 5
 Even assuming that the motion was timely made, it would not have been grounds for changing the place of trial. Although Zeviar alleges that travelling to Tennessee would be a great hardship for her, she is employed as a flight attendant who travels throughout the United States and to foreign countries. Therefore, it is clear that it would not be the type of hardship envisioned under the Rule. So the motion was properly denied.
 
 
 6
 The standard for review of the Tax Court's decision to dismiss this case for lack of prosecution is whether there was an abuse of discretion. Tax Court Rule 123(b) ; Watson v. Commissioner, 690 F.2d 429, 431 (5th Cir. 1982). In the present case, Zeviar failed to appear for trial, failed to file any affidavit or trial brie f, and failed to enter into a stipulation of facts with the IRS. Therefore, it was proper for the Tax Court to dismiss the case for lack of prosecution.
 
 
 7
 The judgment of the Tax Court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.