WARREN SAMUEL STAFFORD, JR., AND BARBARA JEAN STAFFORD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stafford v. Commissioner
Docket No. 17576-81.
United States Tax Court
T.C. Memo 1983-650; 1983 Tax Ct. Memo LEXIS 138; 47 T.C.M. (CCH) 172; T.C.M. (RIA) 83650; October 25, 1983. Warren Samuel Stafford, Jr., pro se. Edward I. Kaplan, for the respondent. PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1977 in the amount of $167,079 and an addition to the tax under section 6653(a) [1] in the amount of $8,354. Respondent was later granted leave to amend his answer to the petition to assert an increased deficiency of $169,649 *139 and an increased addition to the tax of $8,483, such increases being attributable to unreported income allegedly received by petitioner Barbara Jean Stafford for services rendered to American Way Mobile and Modular Homes, a partnership in which petitioner Warren Samuel Stafford, Jr., held a 50 percent interest. The issues for decision in this case involve (1) substantiation of cost of goods sold, interest expense, contract labor expense, and miscellaneous expenses claimed by the partnership, American Way Mobile and Modular Homes, (2) the imposition of the negligence addition under section 6653(a), and (3) certain alleged unreported income of petitioner Barbara Jean Stafford. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The two stipulations of fact and exhibits attached thereto are incorporated herein by this reference. [2]
*140 Petitioners resided in Citrus Heights, California at the time their petition was filed in this case. Petitioners timely filed a joint Federal income tax return (Form 1044) for the taxable year 1977, listing the husband's occupation as a mobile home dealer and the wife's occupation as a homemaker. Other than a small amount of capital gains, the only income reported on that return was $11,181 from the partnership, American Way Mobile and Modular Homes ("American Way"). Petitioner Warren Samuel Stafford, Jr. ("Mr. Stafford") was a partner in American Way, he and his half-brother each owning a 50 percent interest. The partnership's From 1065, U.S. Partnership Return of Income, for 1977 was signed by Mr. Stafford. That Form 1065 listed gross receipts from the mobile home business of $579,589 and claimed, among other things, cost of goods sold and various expenses as follows: Cost of goods sold
$463,085
Interest
16,991
Contract labor
27,324
Miscellaneous expenses
2,744
During the audit of the partnership return, Mr. Stafford failed or refused to furnish any books or records or other documentation to substantiate any of the items on the Form 1065, including *141 cost of goods sold, interest, contract labor, and miscellaneous expenses. During at least one meeting with one of the revenue agents conducting the audit, Mr. Stafford appeared with what he indicated were the partnership records but he refused to permit the records to be examined. Instead Mr. Stafford claimed the Fifth Amendment and demanded a grant of immunity. The audit in this case was conducted by revenue agents, not by special agents, and the record does not indicate that any criminal tax investigation was ever instituted or contemplated. In the absence of any substantiation, the revenue agents disallowed all deductions, including cost of goods sold, claimed on the Form 1065 and computed Mr. Stafford's income from American Way based on the gross receipts and other income reported by the partnership. In the notice of deficiency, dated April 9, 1981, Mr. Stafford's distributive share from American Way was thus increased by $282,975. [3]
*142 Petitioners timely filed their petition in this case. The petition is what is sometimes referred to as a tax protester-type petition. The petition did not state assignments of error and did not contain statements of facts on which petitioners based any assignments of error, as required by Rule 34(b)(4) and (5), Tax Court Rules of Practice and Procedure. Instead the petition asserts Fifth Amendment claims, demands a grant of immunity, and has attached thereto a packet of protester materials, including various excerpts from judicial opinions, newspaper clippings, and other writings. Respondent instituted various discovery measures in this Court, and in response to the Court's orders, petitioners furnished various books, records, and documents to respondent's counsel. Based upon the information thus furnished, at trial respondent made the following concessions. [4]
Claimed on
Still in
Form 1065
Conceded
Dispute
Cost of goods sold
$463,085
$322,902
$140,183
Interest expense
16,991
13,541
3,450
Contract labor
27,324
24,709
2,615
Miscellaneous expenses
(Dodge Van and Toter)
2,744
2,744
There were also miscellaneous other deductions *143 claimed on the partnership return that were not substantiated by the books, records, and documents produced by petitioners under the Court's orders. However, at trial respondent orally conceded these items, so that the only items remaining in dispute are the four items listed above. At trial petitioners did not offer any of the documents that had been produced and furnished to respondent's counsel and did not offer any other evidence in regard to the items remaining in dispute. See footnote 4. Included in the amount conceded by respondent for contract labor expense was an amount of $3,860 that American Way paid to petitioner Barbara Jean Stafford for services rendered by her to the *144 partnership. That income was not reported on petitioners' Form 1040. OPINION Petitioners have the burden of proof, and they have simply failed to sustain their burden. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. In regard to the burden of proof, petitioners make two arguments: (1) that their return as filed was correct and (2) that the statutory notice of deficiency was arbitrary and capricious and that therefore the burden of proof should have been shifted to respondent. We treat this as an argument that the burden of going forward with the evidence should be shifted to respondent. Cf. American Police and Fire Foundation, Inc. v. Commissioner, 81 T.C.     (filed Oct. 5, 1983); Jackson v. Commissioner,73 T.C. 394, 401 (1979). As to the first argument, it is well established that a tax return, even though signed under penalties of perjury, is merely a statement of the taxpayer's claim.The return does not establish the truth of the facts or figures contained therein and a taxpayer's unsupported testimony that his return was correct as filed simply does not suffice. Wilkinson v. Commissioner,71 T.C. 633, 639 (1979); *145 Roberts v. Commissioner,62 T.C. 834, 837 (1974); Seaboard Commercial Corp. v. Commissioner,28 T.C. 1034, 1051 (1957); Halle v. Commissioner,7 T.C. 245 (1946), affd. 175 F. 2d 500 (2d Cir. 1949), cert. denied 338 U.S. 949 (1950). [5]
Petitioner's second and apparently the principal argument-- that the statutory notice of deficiency was incorrect, without basis, and arbitrary and capricious so that the burden of going forward should be shifted to respondent--is based on the fact that the revenue agents disallowed all deductions and cost of goods sold but accepted the gross receipts and income figures reported on the partnership return. However, during the audit Mr. Stafford failed or refused to produce any books or records to substantiate the cost of goods sold or any deductions claimed by the partnership. Having failed to substantiate any of these items, petitioners cannot be heard to complain *146 of their disallowance and the Court cannot find that the notice of deficiency was arbitrary and capricious in that regard. Chaum v. Commissioner,69 T.C. 156 (1977); Estate of Mason v. Commissioner,64 T.C. 651, 658 (1975), affd. 566 F. 2d 2 (6th Cir. 1977); Roberts v. Commissioner,supra,62 T.C. at 836-837. [6]
Petitioners also argue that notwithstanding their own failure to cooperate, respondent was somehow remiss in not using summons enforcement proceedings or proceedings to compel testimony to obtain the necessary information. We disagree.Respondent is not required to go to such extraordinary lengths to try to substantiate a taxpayer's deductions or even the cost of goods sold. Roberts v. Commissioner,supra,62 T.C. at 836-837. [7] Petitioners complain that gross receipts are not taxable, that they are entitled to their cost of goods sold, and that respondent thus acted improperly in disallowing all of their deductions and cost of goods sold while accepting the gross receipts and income figures on the partnership *147 return. We agree that a partnership's gross receipts are normally not taxable and that gross receipts should be reduced by the amount of cost of goods sold. However, that does not relieve the partnership (or in this case Mr. Stafford) of his obligation to make some showing as to the cost of goods sold. Where, as here, a taxpayer is given an opportunity to furnish information or documentation during the audit and refuses to do so, we cannot say that respondent's disallowance of all deductions and cost of goods sold is arbitrary and capricious as a matter of law. Chaum v. Commissioner,supra.
Petitioners next point to the concessions made by respondent at trial as somehow proving that the statutory notice of deficiency was arbitrary and capricious. We disagree. The fact that respondent readily conceded substantial portions of the disputed items once petitioners came forth with their documentation shows, if anything, that respondent was simply requiring petitioners to substantiate the items claimed on their individual and partnership returns *148 just as any other taxpayer is required to do. As to respondent's acceptance of the gross receipts and income figures shown on the partnership return, we cannot say that is arbitrary or capricious. Mr. Stafford was a 50 percent partner and signed the partnership return, and such figures can be treated as admissions on his part. Also we think it logical to assume that the gross receipts and income figures reported on a tax return represent at least the minimum amounts of gross receipts or income items that should be reported for the year. In auditing a return, respondent has no obligation to try to show that the taxpayer's income was less than the figures reported on the return as filed. We think that the desire to advance this spurious argument--that the statutory notice of deficiency was arbitrary and capricious--may well account for petitioner's refusal to stipulate to the figures conceded by respondent or to submit the documents to the Court if they thought such documents in fact substantiated greater amounts than respondent had conceded. See footnote 4.Petitioners also argue that the differences in the amounts respondent was willing to concede during pretrial preparations *149 and the amounts respondent in fact conceded at trial again show that the statutory notice of deficiency was arbitrary and capricious. Again we disagree. The amounts conceded at trial were greater than the amounts respondent was willing to concede while the parties were preparing the case for trial. This suggests to the Court that respondent was willing to concede any amounts petitioners adequately substantiated and has done so. Significantly, petitioners have not submitted any evidence to the Court that would permit the Court to find that they are entitled to any greater amounts. We must sustain respondent's determination, but with adjustments for the concessions made at trial. In addition to petitioners' arguments discussed above, they also complain because the Court would not permit them to withdraw their petition in this case. Here a statutory notice of deficiency was issued to petitioners and they timely filed a petition in this Court. Sections 6212(a), 6213(a). While petitioners may petition this Court as they did, they had an option to seek another forum; they could have paid the tax and sued for a refund in their local U.S. District Court or the U.S. Claims Court. *150 Drake v. Commissioner,554 F. 2d 736, 739 (5th Cir. 1977). [8] However, having properly invoked our jurisdiction, petitioners cannot withdraw their petition without obtaining an adjudication of the controversy. Once a taxpayer files a petition in this Court, we have exclusive jurisdiction and "It is now a settled principle that a taxpayer may not unilaterally oust the Tax Court from jurisdiction which, once invoked, remains unimpaired until it decides the controversy." Dorl v. Commissioner,57 T.C. 720, 722 (1972), affd. 507 F. 2d 406 (2d Cir. 1974). [9]
Petitioners' Form 1040 and the partnership's Form 1065 filed by then were not in the form of what is sometimes referred to as Fifth Amendment returns or protester returns. However, the petition filed in this Court was a protester-type petition, raising various frivolous *151 constitutional auguments that were repeated at trial in lieu of presenting any evidence. While petitioners insist they are not "tax protesters," they persist in arguing that they are "non-taxpayers for the purposes of the Internal Revenue Code." That seems to be another variation on a frequent theme of tax protesters that wages (or a distributive share of partnership income here) are not income. To the extent that petitioners are so arguing, their position is frivolous. United States v. Buras,633 F. 2d 1356, 1361 (9th Cir. 1980); Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983), and cases cited therein. We are also satisfied that any Fifth Amendment claims in this case are meritless. The Fifth Amendment privilege against self-incrimination applies only where there is a real and appreciable danger of self-incrimination. Petitioners submitted nothing to show any such real and appreciable danger. A remote and speculative possibility of prosecution for an unspecified crime is not sufficient. McCoy v. Commissioner,696 F. 2d 1234, 1236 (9th Cir. 1983), affg. 76 T.C. 1027, 1029 (1981); Lukovsky v. Commissioner,692 F. 2d 527 (8th Cir. 1982), *152 affg. per curiam an order of this Court; Edwards v. Commissioner,680 F. 2d 1268, 1270 (9th Cir. 1982); affg. per curiam an order of this Court; United States v. Neff,615 F. 2d 1235, 1238 (9th Cir. 1980), cert. denied 447 U.S. 925 (1980); Rechtzigel v. Commissioner,79 T.C. 132, 136-139 (1982), affd. per curiam 703 F. 2d 1063 (8th Cir. 1983); Reiff v. Commissioner,77 T.C. 1169, 1174 (1981); Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,supra,71 T.C. at 637-638. We conclude that here any possible danger of self-incrimination is so remote and so speculative that it cannot support a valid Fifth Amendment claim. Indeed, we think petitioners' Fifth Amendment claim is frivolous. Similarly, as to petitioners' claim under the Fourth Amendment, we think that is equally frivolous. It is appropriate to repeat the language of the Ninth Circuit in Edwards v. Commissioner,supra,680 F. 2d at 1270: "Requiring taxpayers, who institute civil proceedings protesting deficiency notices, to produce records or face dismissal *153 constitutes no invasion of privacy or unlawful search or seizure." In any event, petitioners have now produced what they say is all of the partnership records they possess. Petitioners say that the other 50-percent partner has the rest of the books and records and that they cannot obtain them. If so, that is unfortunate for petitioners, but it does not explain petitioners' failure to cooperate during the audit and their refusal to produce any records until so ordered by this Court. Petitioners now argue that since they have produced all they can, the Court cannot demand the impossible of them. However, the Court cannot find in their favor just because they can no longer prove the remaining amounts that are still in dispute. The next issue involves respondent's claim that petitioner Barbara Jean Stafford had unreported income. This is new matter as to which respondent has the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure. Respondent has sustained his burden. The record shows that Mrs. Stafford was paid $3,860 for services she rendered to the partnership, American Way, and that she did not report that amount on the joint Federal income tax return she *154 filed with her husband. Petitioners' income must be increased by that amount. Respondent has also determined an addition to tax under section 6653(a), and petitioners have the burden to show that their underpayment of tax was not due to negligence or intentional disregard of rules and regulations. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972); Rosano v. Commissioner,46 T.C. 681, 688 (1966). They have not sustained their burden, and on this record we are satisfied that the negligence addition is fully warranted in this case. On the record here we think this is an appropriate case for the Court, on its own motion, to consider imposition of delay damages under section 6673. As in effect during the year in issue, that section provided: Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. [10]
While the proceedings in this Court will result in a substantial reduction in the deficiency and consequently in the negligence addition due and owing from petitioners, *155 that result has been achieved in spite of, not because of, petitioners' actions. The Court will redetermine and reduce the deficiency and the addition to the tax based solely upon respondent's concessions, which the Court caused to be read into the record when petitioners refused either to stipulate to the figures respondent was willing to concede or to offer the documents in order for the Court to make an independent determination as to the amounts properly substantiated. Thus, although there has been substantiation of substantial portions of the items in dispute, we think this is nevertheless an appropriate situation in which to impose damages upon petitioners. Sydnes v. Commissioner,74 T.C. 864, 870-873 (1980), affd. 647 F. 2d 813 (8th Cir. 1981); Greenberg v. Commissioner,73 T.C. 806 (1980). [11]
*156 In reaching this decision, we have considered the fact that petitioners failed or refused to cooperate in any way during the audit, the protester-type of petition filed in this Court, the various frivolous constitutional claims raised by petitioners both in their petition and at trial, petitioners' attempt to oust the Court of jurisdiction, petitioners' refusal to present any evidence at trial, including a refusal to stipulate to the amounts that respondent was willing to concede, and finally petitioners' submission of another packet of protester materials as a brief after the trial. [12] These factors satisfy us that petitioners, in filing their petition in this Court, were not interested in a redetermination of their civil tax liability, but simply wished to continue to frustrate and delay the determination and collection of their taxes. Therefore, we award damages to respondent pursuant to section 6673 in the amount of $500. *157 To reflect the concessions and the Court's holdings, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. The two stipulations furnish virtually no information and constitute little more than a bare-bones stipulation as to the names of the taxpayers, the filing of the returns, and the issuance of the statutory notice of deficiency.↩
3. Mr. Stafford's partnership income was increased by $282,975. That figure was computed as follows: ↩
$579,589
partnership gross receipts reported on
Form 1065
2,075
net ordinary gain reported on Form 1065
6,649
other income reported on Form 1065
$588,313
/ 2 = $294,156 minus $11,181 reported on
Mr. Stafford's Form 1040 = $282,975
4. Somewhat inexplicably, petitioners refused to incorporate these concessions in a stipulation of facts, although such concessions are clearly in petitioners' favor. The Court invited petitioners to submit the documents to the Court for a redetermination of the amounts substantiated if they did not agree with respondent's figures, but that was not done.However, since these concessions were in petitioners' favor, the Court directed respondent's counsel to read the concessions into the record.↩
5. See also McKinney v. Commissioner,T.C. Memo, 1983-440; Estate of Nutter v. Commissioner,T.C. Memo. 1982-530; Watkins v. Commissioner,T.C. Memo. 1978-403↩.
6. See also Milgroom v. Commissioner,T.C. Memo. 1983-445↩.
7. See also Rowley v. Commissioner,T.C. Memo. 1977-357↩, affd. by unpublished opinion (9th Cir. 1980).
8. See also Vickers v. Commissioner,T.C. Memo. 1983-429; Smart v. Commissioner,T.C. Memo. 1981-612↩, n. 6. 9. See also Vickers v. Commissioner,supra;Austin v. Commissioner,T.C. Memo. 1981-208↩, affd. by unpublished opinion (10th Cir. 1982).
10. Section 292(b) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, amended section 6673 to read as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * This new provision, broadening the grounds for imposition of damages and increasing the amount of such damages, applies to actions or proceedings in the Tax Court commenced after December 31, 1982. Tax Equity and Fiscal Responsibility Act of 1982, sec. 292(e)(2), Pub. L. 97-248, 97 Stat. 574. ↩
11. For an exhaustive review of damages under section 6673 and damages and costs imposed by other courts, see Vickers v. Commissioner,T.C. Memo. 1983-429↩.
12. Petitioners having failed to present any evidence, the Court at the conclusion of the trial rendered oral findings of fact and opinion pursuant to section 7459(c) and Rule 152, Tax Court Rules of Practice and Procedure. Thereafter, Mr. Stafford in an exparte↩ contract with the Court complained that the Court was "unfair" in not permitting him to file a post trial brief and that the Court did "not even know what [his] arguments are," which, if true, was rather strange since he had had ample opportunity during the pretrial conferences in chambers and during the trial to present his evidence and his arguments. In any event, the Court vacated the bench opinion and accorded petitioners an opportunity to file a brief. Instead they filed another thick packet of frivolous tax protester materials.