DAVID A. BURNS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7406–80.     Filed May 7, 1981.

David A. Burns, pro se.
*Richard Patrick*, for the respondent.

OPINION

WILES, *Judge*: On August 12, 1980, respondent filed a request for admissions under Rule 90, Tax Court Rules of Practice and

Procedure. On October 1, 1980, petitioner filed his answer to respondent's request for admissions.[1] While petitioner admitted the authenticity of certain documents he objected to requests for admissions regarding his places of employment and the amount of gross wages received from each during 1978, the year in issue, asserting his constitutional privilege against self-incrimination. On November 6, 1980, respondent filed a motion for review of sufficiency of petitioner's objections to respondent's request for admissions under Rule 90(d), Tax Court Rules of Practice and Procedure. Oral arguments on this motion were heard on January 26, 1981, in Phoenix, Ariz.

Rule 90(d), Tax Court Rules of Practice and Procedure, states:

(d) Motion to Review: The party who has requested the admissions may move to determine the sufficiency of the answers or objections. *Unless the Court determines that an objection is justified, it shall order that an answer be served.* If the Court determines that an answer does not comply with the requirements of this Rule, it may order either that the matter is admitted or that an amended answer be served. In lieu of any such order, the Court may determine that final disposition of the request shall be made at some later time which may be more appropriate for disposing of the question involved. [Emphasis added.]

Respondent argues that petitioner's Fifth Amendment objection is totally without merit and must be rejected. We agree. While there is no dispute as to the general availability of the privilege against self-incrimination in civil proceedings, the protection of that privilege is "confined to instances where the witness has reasonable cause to apprehend danger from a direct answer." *Hoffman v. United States,* 341 U.S. 479, 486 (1951). The witness must be subject to a real danger of self-incrimination, not merely remote and speculative possibilities. *Zicarelli v. New Jersey State Commission of Investigation,* 406 U.S. 472, 478 (1972); *Hoffman v. United States, supra* at 486; *Ryan v. Commissioner,* 67 T.C. 212, 217 (1976), affd. 568 F.2d 531 (7th Cir. 1977). In the instant case, petitioner was informed, both prior to and at the hearing on this motion, that he never has been, nor is he presently, the subject of a criminal investigation

---

[1] Rule 90(c) of the Rules of this Court requires a response "within 30 days after service of the request or within such shorter or longer time as the Court may allow." Although respondent's request for admissions was served on petitioner on Aug. 8, 1980, the Court granted petitioner an extension of time to file a response to the request to Oct. 7, 1980.

by respondent. Petitioner has not offered any evidence to show otherwise.

Moreover, upon considering the innocuous character of the questions, which merely requested admissions regarding petitioner's places of employment and amount of gross wages received from each, we are unable to ascertain any basis for petitioner's Fifth Amendment objection. Aside from his naked assertion of the privilege, there is no indication that petitioner had any legitimate concern regarding criminal prosecution. Although petitioner cannot be held to a standard of specificity that would surrender the protection provided by the Fifth Amendment, we do not believe that he was subject to any danger of self-incrimination and find that his Fifth Amendment claim was wholly frivolous. See *Hoffman v. United States, supra* at 486–487; *Ryan v. Commissioner, supra* at 217 n. 2.

Accordingly, petitioner must answer respondent's request for admissions by either admitting or denying the matters to which he raised the Fifth Amendment objection.

*An appropriate order will be issued.*