JOHN J. KRANZ AND CORRINE M. KRANZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kranz v. Commissioner
Docket No. 6618-80.
United States Tax Court
T.C. Memo 1982-739; 1982 Tax Ct. Memo LEXIS 10; 45 T.C.M. (CCH) 409; T.C.M. (RIA) 82739; December 27, 1982. *10 John J. Kranz, pro se. Randy G. Durfee, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $25,259.45 in petitioners' Federal income tax for 1976 and an addition to tax of $1,262.97 under section 6653(a). [1]
The issues for decision are (1) whether petitioners have proved that they are entitled to a cost of goods sold deduction, various business expenses, and itemized deductions; (2) whether respondent's determination of the deficiency and addition to tax should be sustained when the petitioners, relying on their First, Fourth and Fifth Amendment rights, refused to produce their books and records or offer any evidence in support of their allegations that respondent erred in his determination. No facts have been stipulated. The facts we have gleaned from the pleadings and this record are sparse. Petitioners were residents of Billings, Montana, at the time they filed their petition herein. They filed a timely Federal income tax return for 1976 with the *11 Internal Revenue Service Office at Salt Lake City, Utah. John J. Kranz was self-employed in the construction business during 1976. On Schedule C of their Federal income tax return for that year the petitioners reported cost of goods sold in the amount of $56,514, business expenses of $5,259 and itemized deductions of $4,043. All of these deductions and expenses were disallowed by respondent in his notice of deficiency for lack of substantiation. Petitioners alleged that their return was complete and correct as filed and they refused both before and at the trial of this case to produce any records or testimony in support of their allegations. They rely primarily on their Fifth Amendment rights and their assertion that they were illegally audited in violation of their First and Fourth Amendment rights. A prior request for a grant of immunity was denied by this Court on April 3, 1981. See Hartman v. Commissioner,65 T.C. 542, 547-548 (1975). The privilege against self-incrimination under the Fifth Amendment to the United States Constitution does not apply where the possibility of criminal prosecution is remote or unlikely, and remote or speculative possibilities *12 of prosecution for unspecified crimes are not sufficient. Rechtzigel v. Commissioner,79 T.C. 132 (1982), on appeal (8th Cir., Aug. 30, 1982); Reiff v. Commissioner,77 T.C. 1169, 1174 (1981); McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), on appeal (9th Cir., Sept. 15, 1981); Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,71 T.C. 633, 637-638 (1979); Ryan v. Commissioner,67 T.C. 212, 217 (1976), affd. 568 F.2d 531, 539 (7th Cir. 1977); Roberts v. Commissioner,62 T.C. 834, 837-838 (1974); Figueiredo v. Commissioner,54 T.C. 1508, 1511-1512 (1970), affd. in an unpublished order (9th Cir., March 14, 1973). Here the Court is satisfied that any possible danger of self-incrimination for a tax or nontax crime is so remote and so speculative that it cannot support a Fifth Amendment claim. We also think that petitioners' Fifth Amendment claim is frivolous in these circumstances. Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982). There is likewise no merit to the general assertion that *13 their First and Fourth Amendment rights have been violated. The audit of a taxpayer's income tax return constitutes no invasion of privacy or unlawful search or seizure. Edwards v. Commissioner,supra.
Petitioners have the burden of proving that respondent's determination in regard to the deficiency and addition to tax is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. They have failed to carry their burden. Absent proof to the contrary, we reject petitioners' argument that the deficiency is excessive and incorrect under the rationale of Helvering v. Taylor,293 U.S. 507 (1935). Accordingly, we sustain respondent's determination in all respects. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated.↩