JOHN L. AND RITA J. THOMAS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomas v. Commissioner
Docket No. 13602-81.
United States Tax Court
T.C. Memo 1983-15; 1983 Tax Ct. Memo LEXIS 769; 45 T.C.M. (CCH) 499; T.C.M. (RIA) 83015; January 11, 1983. John L. Thomas, pro se. Sara W. Dalton, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes and additions to tax: Addition to Tax
Year
Deficiency
Sec. 6653(a) [1]
1977
$2,551.84
$127.59
1978
3,079.97
153.99
1979
3,705.29
185.26
At issue are (1) whether petitioners are entitled to Schedule C deductions and *770 itemized deductions in excess of the zero bracket amount; and (2) whether they are liable for the additions to tax under section 6653(a). Some facts are stipulated and are so found. Petitioners were residents of Round Rock, Texas, at the time they filed their petition herein. They filed timely joint Federal income tax returns for the years 1977, 1978 and 1979. Such returns were prepared by James M. Damon of Austin, Texas, who was convicted on April 28, 1981, in the United States District Court for the Western District of Texas, Austin Division, of preparing false and fraudulent returns in violation of section 7206(2) of the Code. Mr. Damon would have taxpayers, who were wage earners, report self-employment business income and deductions on Schedule C of Form 1040 incorrectly reflecting substantial business losses. During the years 1977 through 1979 John L. Thomas was employed by IBM and Rita Thomas was employed by the Texas Rehabilitation Commission. They were not self-employed. The deductions they claimed on Schedule C for each year and the itemized deductions in excess of the zero bracket amount were disallowed by respondent in his notice of deficiency.
When this case *771 was called for trial at San Antonio on December 6, 1982, the petitioners offered no evidence in support of the assignments of error raised in their petition. Instead, they filed a memorandum which asserted their positions, as follows: 1. Petitioners rely upon the 1976 Tax Reform Act and section 7609 of the I.R. Code as to the way information was obtained by the I.R.S. from our tax consultant Mr. James M. Damon. Respondent violated this tax reform act by seizing our records in the hands of Mr. Damon through a general warrant. 2. Petitioners rely on the good faith of Boyd in the case of Boyd v. United States, Supreme Court decided on Feb. 1, 1886. The Supreme Court stated that the government cannot use records it obtains under any kind of threat or duress in order to recompute the tax either on the basis of the information thus obtained or because it is not surrendered. 3. Petitioners rely upon the Bill of Rights of the U.S. Constitution - the Fifth Amendment good faith plea - as to verification of our Forms 1040's with our personal files and records. 4. Petitioners ask that court Respondent show cause why each and every deduction disallowed, should not be allowed. *772 There is no evidence in this record as to any violation of section 7609 relating to special procedures for third-party summonses. There is also no evidence that petitioners' Fourth Amendment rights have been violated.The audit of their Federal income tax returns constitutes no invasion of privacy or unlawful search or seizure. Cf. Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982). The privilege against self-incrimination under the Fifth Amendment to the United States Constitution does not apply where the possibility of criminal prosecution is remote or unlikely, and remote or speculative possibilities of prosecution for unspecified crimes are not sufficient. Rechtzigel v. Commissioner,79 T.C. 132 (1982), on appeal (8th Cir., Aug. 30, 1982); Reiff v. Commissioner,77 T.C. 1169, 1174 (1981); McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), on appeal (9th Cir., Sept. 15, 1981); Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,71 T.C. 633, 637-638 (1979); Ryan v. Commissioner,67 T.C. 212, 217 (1976), affd. 568 F.2d 531, 539 (7th Cir. 1977); *773 Roberts v. Commissioner,62 T.C. 834, 837-838 (1974); Figueiredo v. Commissioner,54 T.C. 1508, 1511-1512 (1970), affd. in an unpublished order (9th Cir., March 14, 1973). Here the Court is satisfied that any possible danger of self-incrimination for a tax or nontax crime is so remote and so speculative that it cannot support a Fifth Amendment claim. We also think their Fifth Amendment claim is frivolous in these circumstances since respondent's counsel stated to the Court that no criminal tax prosecution of petitioners has been recommended and no such action is presently contemplated. [2]Edwards v. Commissioner,supra.
Petitioners have the burden of proving that respondent's determination in regard to the deficiencies and additions to tax is incorrect. Welch v. Helvering,290 U.S. 111 (1933); *774 Rule 142(a), Tax Court Rules of Practice and Procedure. They have introduced no evidence and they have failed to carry their burden. Therefore, we sustain respondent's determination in all respects. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise indicated.↩
2. After this case was submitted the petitioners filed a motion for an in-camera review of their records by the Court in their effort to justify the assertion of their Fifth Amendment privilege. We denied the motion on the authority of In Re U.S. Hoffman Can Corp.,373 F.2d 622, 628-629↩ (3d Cir. 1967).