SHERMAN L. THOMAS AND HANNAH THOMAS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomas v. Commissioner
Docket No. 26348-81.
United States Tax Court
T.C. Memo 1983-26; 1983 Tax Ct. Memo LEXIS 755; 45 T.C.M. (CCH) 525; T.C.M. (RIA) 83026; January 17, 1983. Sherman L. Thomas, pro se. Sara W. Dalton, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes and additions to tax: Addition to Tax
Year
Deficiency
Sec. 6653(a) [1]
1978
$1,872.00
$93.60
1979
1,130.00
56.50
At issue are (1) whether petitioners are entitled to claimed Schedule C business losses and itemized deductions *756 in excess of the zero bracket amount, and (2) whether they are liable for the additions to tax under section 6653(a). Some facts are stipulated and are so found. Petitioners were residents of Taylor, Texas, at the time they filed their petition herein. They timely filed a joint Federal income tax return for the year 1978, and petitioner Sherman L. Thomas filed a separate return for 1979. Such returns were prepared by James M. Damon of Austin, Texas, who was convicted on April 28, 1981, in the United States District Court for the Western District of Texas, Austin Division, of preparing false and fraudulent returns in violation of section 7206(2) of the Code. Mr. Damon would have taxpayers, who were wage earners, report self-employment business income and deductions on Schedule C of Form 1040 incorrectly reflecting substantial business losses. During 1978 and 1979 Sherman L. Thomas was employed by Texas Power & Light Company. In 1978 Hannah Thomas was employed by Sweetbriar of Taylor. Neither petitioner was self-employed. The deductions claimed on Schedule C for each year and the itemized deductions in excess of the zero bracket amount were disallowed by respondent in his *757 notice of deficiency. When this case was called for trial at San Antonio on December 6, 1982, the petitioners offered no evidence in support of the assignments of error raised in their petition. Instead, they rely on the following allegations contained in paragraph 4 of their amended petition: 3. This audit violates our rights under the 1976 Tax Reform Act (Third Party Record Keeper) and the Supreme Court Decision in Boyd Vs. United States. 4.This audit request for our personal files and records violates our rights under the Fourth and Fifth Amendments to the Constitution of the United States. There is no evidence in this record as to any violation of section 7609 relating to special procedures for third-party summonses. There is also no evidence that petitioners' Fourth Amendment rights have been violated. The audit of their Federal income tax returns constitutes no invasion of privacy or unlawful search or seizure. Cf. Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982). The privilege against self-incrimination under the Fifth Amendment to the United States Constitution does not apply where the possibility of criminal prosecution is remote *758 or unlikely, and remote or speculative possibilities of prosecution for unspecified crimes are not sufficient. Rechtzigel v. Commissioner,79 T.C. 132 (1982), on appeal (8th Cir., Aug. 30, 1982); Reiff v. Commissioner,77 T.C. 1169, 1174 (1981); McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), on appeal (9th Cir., Sept. 15, 1981); Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,71 T.C. 633, 636-638 (1979); Ryan v. Commissioner,67 T.C. 212, 217 (1976), affd. 568 F.2d 531, 539 (7th Cir. 1977); Roberts v. Commissioner,62 T.C. 834, 837-838 (1974); Figueiredo v. Commissioner,54 T.C. 1508, 1511-1512 (1970), affd. in an unpublished order (9th Cir., March 14, 1973). Here the Court is satisfied that any possible danger of self-incrimination for a tax or nontax crime is so remote and so speculative that it cannot support a Fifth Amendment claim. We also think their Fifth Amendment claim is frivolous in these circumstances since respondent's counsel stated to the Court that no criminal tax prosecution of petitioners *759 has been recommended and no such action is contemplated. Edwards v. Commissioner,supra.
Petitioners have the burden of proving that respondent's determination in regard to the deficiencies and additions to tax is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. They have introduced no evidence and they have failed to carry their burden. Therefore, we sustain respondent's determination in all respects. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise indicated.↩