VIRGIL E. ROUSE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rouse v. Commissioner
Docket No. 27348-81.
United States Tax Court
T.C. Memo 1984-113; 1984 Tax Ct. Memo LEXIS 566; 47 T.C.M. (CCH) 1230; T.C.M. (RIA) 84113; March 6, 1984. Virgil E. Rouse, pro se. Randy G. Durfee, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: This case was originally consolidated with docket No. 28301-81 relating to petitioner's wife. By order of *567 the Court, however, that docket was severed and a stipulated decision entered. The case before us, therefore, involves only the income tax liability of Mr. Rouse. FINDINGS OF FACT The Commissioner determined deficiencies in and additions to petitioner's Federal income tax as follows: Addition to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(b)
Sec. 6654 [1]
1977
$6,830.00
$1,412.00
$190.33
1978
6,495.00
1,624.00
207.34
1979
5,828.00
$2,914.00
242.86
Petitioner was a resident of Dingle, Idaho, when he filed the petition in this case. His petition stated that the Commissioner's determinations of unreported income and additions to tax were erroneous, "outside the law, and contrary to the equal protection clause of the United States Constitution." Petitioner also reiterated a previous request for a "grant of immunity." Respondent's answer denied the substantive allegations of the petition and made further allegations to which petitioner did not reply. In accordance *568 with the guidelines of this Court, as set forth in Branerton Corp. v. Commissioner,61 T.C. 691 (1974), the respondent sent Mr. Rouse a letter on June 1, 1982, requesting an informal conference prior to discovery. Mr. Rouse refused the offer in writing, stating, "* * * I find nothing in this case which mandates a personal meeting between the two of us * * *." Petitioner has never provided any information to respondent nor has he cooperated in any way. On May 13, 1983, petitioner was served with respondent's request for admissions, pursuant to Rule 90, which contained allegations similar to those in respondent's answer. On June 20, 1983, respondent received Mr. Rouse's Response to Respondent's Request for Admissions. Petitioner failed to answer the substantive requests for admissions, responding as follows: Petitioner considers this privileged information and must therefore stand on his 4th Amendment right to be secure in his person and papers, and his 5th Amendment right not to testify against himself. On August 22, 1983, respondent filed a "Motion for Review of Sufficiency of Petitioner's Objections to Respondent's Request for Admissions or in the Alternative *569 to Impose Sanctions." By order dated September 7, 1983, this Court granted respondent's motion and ordered certain of petitioner's answers and objections to respondent's request for admissions stricken as baseless and inadequate. Petitioner did, however, admit some of the less substantive allegations of fact such as his name and residence. All other substantive allegations were subsequently deemed admitted. On the basis of petitioner's admissions, deemed admissions, and the entire record, we find the following facts. Petitioner sent Form 1040's to the Internal Revenue Service for each of the taxable years in issue. For each taxable year involved, instead of providing information from which his tax liability could be determined, petitioner filled in the blanks with the words "object self incrimination." In 1979, petitioner filed Form W-4's on which he claimed to be exempt from taxes with at least two of his employers, viz., John's Electric and Nelson Electric. During the taxable years in issue, Mr. Rouse received the following wages: 1977
Dynalectric
$ 764
Bartlett
3,057
L. E. Myers
22,431
R. J. Zoldak Electric
1,046
Total
$27,298
1978
May Electric,
Acme-Collins,
& Executone
$16,117
Electrical E.
10,483
Total
$26,600
1979
John's Electric
$21,206
Nelson Electric
2,491
Other Employers
2,966
Total
$26,663
*570 Petitioner has no records to substantiate any credits, deductions, exemptions, or expenses in excess of those allowed by the Commissioner. Idaho is a community property state, however, the statutory notice issued to Mr. Rouse attributed to him all of the community income reported on his W-2 forms. The Commissioner also computed additions to tax for failure to file for taxable years 1977 and 1978, for underpayment of tax for all three taxable years, and for fraudulent underpayment of tax for 1979, based upon the total community income. OPINION First, petitioner has the burden of proving that the Commissioner's determinations of unreported income are erroneous. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). Mr. Rouse offered no evidence to sustain his burden of proof. The determinations of the Commissioner in his statutory notice are, therefore, sustained. Next, because the forms filed by Mr. Rouse for taxable years 1977 and 1978 contained no information from which his tax liability could be determined, they do not constitute returns within the meaning of section 6011 and the regulations thereunder. Jarvis v. Commissioner,78 T.C. 646 (1982); *571 Thompson v. Commissioner,78 T.C. 558 (1982). The Courts have held many times that returns of the sort filed by Mr. Rouse are not valid returns. United States v. Smith,618 F.2d 280 (5th Cir. 1980); United States v. Porth,426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970). Petitioner's failure to file a valid return was intentional for 1977 and 1978. Accordingly, he is liable for the additions to tax pursuant to section 6651(a). [2]Electric & Neon, Inc. v. Commissioner,56 T.C. 1324 (1971), affd. without published opinion 496 F.2d 876 (5th Cir. 1974). Petitioner is also liable for the addition to tax as provided in section 6654 for failure to pay individual estimated income tax for the three taxable years in issue. He has not brought himself within any of the exceptions provided in subsection (d); thus, the additions to tax are mandatory. Reaver v. Commissioner,42 T.C. 72 (1964); *572 Ruben v. Commissioner,33 T.C. 1071 (1960). Finally, we must decide whether petitioner is liable for the addition to tax for fraud under section 6653(b). Fraud, for purposes of section 6653(b), is an intentional wrongdoing on the part of a taxpayer with the specific purpose of evading a tax known or believed to be owing. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Habersham-Bey v. Commissioner,78 T.C. 304, 311 (1982). Fraud is never presumed. Respondent has the burden of proof as to fraud, and he must carry that burden by clear and convincing evidence. Sec. 7454(a); Rule 142(b); Rowlee v. Commissioner,80 T.C. 1111 (1983), on appeal (2d Cir., Sept. 13, 1983); Habersham-Bey v. Commissioner,supra at 311. It must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85 (1970). We have held that respondent may prove fraud on the basis of facts deemed admitted pursuant to the Rules *573 of this Court. Doncaster v. Commissioner,77 T.C. 334 (1981). [3]
Respondent has affirmatively shown various indicia of fraud. Petitioner substantially understated his taxable income for 1979 and made no effort to disclose it. Petitioner did not file a return for 1979 or for the two previous years. While failure to file a return does not in itself establish fraud, such failure may properly be considered in connection with other facts in determining whether an underpayment of tax is due to fraud. Rowlee v. Commissioner,supra;Habersham-Bey v. Commissioner,supra.
Petitioner filed false W-4 forms to stop the withholding of Federal income taxes from his *574 wages. This, too, is indicative of an intent to evade the payment of income taxes. Habersham-Bey v. Commissioner,supra at 313. The record also shows that petitioner did not cooperate with this Court's discovery procedures. He refused to confer informally with respondent, he failed to answer adequately respondent's requests for admissions, offered no books or records to support his denial of the Commissioner's determinations, and refused to testify at trial. We find petitioner's attempt to assert Fourth and Fifth Amendment rights to avoid answering respondent's discovery requests and testifying at trial completely without merit. Petitioner never, at any point, attempted to explain his reasons for asserting the Fifth Amendments privilege. A fanciful risk of criminal prosecution in insufficient cause to invoke the privilege. Rechtzigel v. Commissioner,79 T.C. 132 (1982), affd. 703 F.2d 1063 (8th Cir. 1983); Reiff v. Commissioner,77 T.C. 1169, 1174 (1981); Burns v. Commissioner,76 T.C. 706 (1981). But even where a petitioner has a genuine fear of future prosecution, "he still must proceed *575 in good faith to provide the Court with sufficient information to enable it to evaluate and protect his interests." Rechtzigel v. Commissioner,79 T.C. at 137. Similarly, petitioner's objections based upon the Fourth Amendment are also without merit. In Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982), the court of appeals held: Requiring taxpayers, who institute civil proceedings protesting deficiency notices, to produce records or face dismissal constitutes no invasion of privacy or unlawful search or seizure. [4]
We, therefore, also sustain the Commissioner's determination of the additions to tax under section 6653(b). The Commissioner charged petitioner's wife with her one-half community share of the total income the Commissioner charged to petitioner. As pointed out above, the liability of Mrs. Rouse was settled. It is appropriate, therefore, that petitioner be charged only with his one-half community share of the total income and that the additions to tax be recomputed on such share. These recomputations shall be made in a recomputation of *576 petitioner's liability under Rule 155. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to this Court's Rules of Practice and Procedure.↩
2. Petitioner did not file a return for taxable year 1979. For 1979, however, the Commissioner chose to assert the section 6653(b) fraud addition to tax. In such a case the section 6651 addition is not applicable.↩
3. Although Doncaster v. Commissioner,77 T.C. 334 (1981), dealt with allegations deemed admitted pursuant to a "Rule 37(c) motion," we have relied upon facts deemed admitted under Rule 90(c) where petitioner failed to reply to respondent's Request for Admissions. Kelly v. Commissioner,T.C. Memo. 1983-569; Pimbley v. Commissioner,T.C. Memo. 1982-103; Amato v. Commissioner,T.C. Memo. 1977-305↩.
4. See also Brison v. Commissioner,T.C. Memo. 1983-101↩.