WILLIAM H. PORTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Porter v. Commissioner
Docket No. 9024-83.
United States Tax Court
T.C. Memo 1985-134; 1985 Tax Ct. Memo LEXIS 501; 49 T.C.M. (CCH) 1015; T.C.M. (RIA) 85134; March 25, 1985. William H. Porter, pro se. David G. Hendricks, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioner's Federal income taxes for the taxable years 1979, 1980, and 1981 as follows: Year
Deficiency
1979
$10,545.35
1980
12,679.40
1981
23,998.24
After concessions, the issues for decision are: (1) whether petitioner may deduct charitable contributions *502 to unnamed organizations in the amounts of $23,079 and $25,525 for the taxable years 1979 and 1980, respectively, and whether petitioner may deduct a contribution to the Universal Life Church in the amount of $45,055 for the taxable year 1981, and (2) whether damages should be awarded to the United States pursuant to section 6673. [1]
FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and accompanying exhibits are so found and incorporated herein by reference. William H. Porter (petitioner) was a resident of Tulsa, Oklahoma, at the time of the filing of the petition in this case. Petitioner filed individual Federal income tax returns for the taxable years 1979, 1980, and 1981, upon which he claimed charitable contributions in cash, not in kind, to unnamed organizations in the amounts of $23,079 and $25,525 for the taxable years 1979 and 1980, respectively, and a contribution to the Universal Life Church in the amount of $45,055 *503 for the taxable year 1981. Petitioner did not make the charitable contributions claimed. On February 9, 1983, the Commissioner issued three statutory notices of deficiency to petitioner, one each for the taxable years 1979, 1980, and 1981. The Commissioner disallowed the claimed contributions on the basis that petitioner had not established that any amounts were expended, or that the amounts were expended for the designated purposes, or expended to a qualified organization within the meaning of section 170. At trial, respondent moved for an award of damages under section 6673. OPINION After concessions, the issues for decision are: (1) whether petitioner may deduct charitable contributions to unnamed organizations in the amounts of $23,079 and $25,525 for the taxable years 1979 and 1980, respectively, and whether petitioner may deduct a contribution to the Universal Life Church in the amount of $45,055 for the taxable year 1981, and (2) whether damages should be awarded to the United States pursuant to section 6673. The Commissioner's determinations in his statutory notices of deficiency are presumptively correct, and petitioner has the burden of proof on each adjustment. *504 Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). To qualify for a charitable contribution deduction under section 170(c), petitioner must show that he actually paid the amounts claimed, that he did not personally benefit from the alleged contribution, and that the recipient was organized and operated exclusively for purposes designated under section 170(c)(3). Davis v. Commissioner,81 T.C. 806, 815-819 (1983), on appeal (9th Cir., June 25, 1984); Miedaner v. Commissioner,81 T.C. 272, 279-281 (1983); McGahen v. Commissioner,76 T.C. 468 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983). Deductions are a matter of legislative grace, and petitioner must prove his entitlement to the claimed deductions. Deputy v. du Pont,308 U.S. 488 (1940); New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934); Welch v. Helvering,supra.
This, petitioner has totally failed to do. Petitioner has provided no evidence or substantiation of contributions in any of the taxable years at issue. Further, petitioner was unwilling to state *505 to whom the alleged payments were supposedly made during the taxable years 1979 and 1980. Neither documentation nor testimony supports the allowance of any of the disallowed charitable contributions. Petitioner's sole basis for his failure to substantiate the contributions was a claim that "in trying to prove [his] innocence [he] could possibly be incriminating [himself]." Petitioner, therefore, claimed his Fifth Amendment rights despite assurances that no criminal proceedings were being considered for the taxable years before this Court or for any other year, and despite assurance that no criminal investigation was pending. Petitioner's claim to the protection of the Fifth Amendment is without merit, and must be rejected. Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,71 T.C. 633, 637-638 (1979). We, therefore, uphold the Commissioner's disallowance of the claimed charitable contributions. The second issue is whether damages should be awarded to the United States pursuant to section 6673. [2] Petitioner persisted throughout this case is presenting this Court with totally groundless claims and frivolous arguments, *506 despite warnings both before and at trial that such actions could subject him to damages. Abrams v. Commissioner,82 T.C. 403 (1984). Refusal to provide any information under a spurious claim of Fifth Amendment protection, while at the same time attempting to invoke this Court's jurisdiction to avoid the payment of taxes properly due, is patently absurd and frivolous, and a waste of this Court's time. Billman v. Commissioner,83 T.C. 534 (1984); Rowlee v. Commissioner,80 T.C. 1111 (1983). On respondent's motion, we award the government the maximum damages of $5,000 under section 6673. *507 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, and attendant regulations as amended and in effect for the relevant years, and all rule references are to this Court's Rules of Practice and Procedure.↩
2. Sec. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintaining by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩