PATRICK C. McCARTY AND DEBORAH A. McCARTY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCarty v. Commissioner
Docket No. 3853-82.
United States Tax Court
T.C. Memo 1985-163; 1985 Tax Ct. Memo LEXIS 470; 49 T.C.M. (CCH) 1130; T.C.M. (RIA) 85163; April 2, 1985. *470 Respondent filed a Motion to Impose Sanctions against petitioners for failure to comply with a Court order requiring them to respond to certain discovery requests. Held, respondent's motion is granted, and this case is dismissed or failure properly to prosecute. Rules 104(c)(3) and 123(a) and (b), Tax Court Rules of Practice and Procedure.Held further, damages are awarded under sec. 6673, I.R.C. 1954, because petitioners instituted this proceeding primarily for delay. Patrick C. McCarty, pro se. Paul H. Weisman, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: This case is before the Court on respondent's Motion to Impose Sanctions pursuant to Rule 104, Tax Court Rules of Practice and Procedure.[1] A hearing was held with respect to said motion. *471 In his statutory notice of deficiency dated November 16, 1981, respondent determined a deficiency in petitioners' Federal income tax for the year ended December 31, 1978 in the amount of $1,746. The issue to be decided, in determining whether respondent is entitled to prevail on his motion, is whether petitioners' failure to comply with a Court order requiring them to respond to respondent's discovery requests warrants dismissal of their case. Petitioners Patrick C. McCarty and Deborah A. McCarty are husband and wife and were residents of Bakersfield, California at the time of filing their petition in this case. On September 28, 1983 respondent mailed petitioners a letter inviting them to a conference on October 6, 1983, the purpose of which was to narrow the issues for trial. Petitioners failed to attend the conference and failed to contact respondent with respect to scheduling another conference. On January 25, 1984, pursuant to Rules 71 and 72, respondent served on petitioners Requests for Production of Documents and Interrogatories, and on January 30, 1984, pursuant to Rule 90, respondent *472 also served on petitioners a Request for Admissions. Petitioners refused to comply with respondent's requests, and in so doing stated: We are, and always have been, natural persons and are entitled to all protections and rights guaranteed by the U.S. Constitution. These include, but are not limited to, the right to be secure in our person, papers, and effects; the right not to be witnesses against ourselves in any action with government; and the right to speak or not to speak. * * * On March 8, 1984 respondent filed a Motion to Compel Production of Documents and a Motion to Compel Responses to Interrogatories. On April 18, 1984 the Court granted respondent's motions and ordered that petitioners comply with respondent's requests to produce documents and answer interrogatories by April 25, 1984. Petitioners failed to comply with said Court order, and on April 30, 1984 respondent filed said Motion to Impose Sanctions. At the hearing on said motion, [2] petitioner made a motion to dismiss for lack of jurisdiction, which the Court properly denied. Petitioner, claiming protection under the First, Fourth, and Fifth Amendments, refused to testify with respect to the Motion to *473 Impose Sanctions. Our Rules of Practice and Procedure mean exactly what they say and we intend that they be complied with. Rosenfeld v. Commissioner,82 T.C. 105, 111 (1984); Odend'hal v. Commissioner,75 T.C. 400, 404 (1980), affd. 748 F.2d 908 (4th Cir. 1984); Branerton Corp. v. Commissioner,61 T.C. 691, 692 (1974). Although given more than an ample opportunity to comply with our Rules and an order of this Court, petitioners have not done so and there is not one valid reason in this record to explain their total failure to comply. They have, in essence, ignored and defied our order of April 18, 1984, and, by their inexcusable conduct, shown complete and utter disrespect for our Rules and an order of this Court. As we view this record, respondent's discovery requests sought information and documents relevant and material to the issues in dispute. Petitioners simply made no attempt to comply with those requests despite a specific order of this Court directing them to do so. In refusing to comply with the Court's order to produce documents and *474 answer interrogatories, petitioners knowingly raised a number of frivolous tax protester-type arguments.This Court has addressed such arguments on many occasions and will not do so now. See Burns v. Commissioner,76 T.C. 706 1981); McCoy v. Commissioner,76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); Rowlee v. Commissioner,80 T.C. 1111 (1983); Billman v. Commissioner,83 T.C. 534 (1984). None of these arguments are meritorious. We also are convinced that petitioners' conscious disregard of our order justifies our granting respondent's motion, namely, the dismissal of the case for failure properly to prosecute by failing to comply with our Rules and a specific order of the Court. Rules 104(c)(3) and 123(a) and (b); see Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978); McCoy v. Commissioner, 696 F.2d at 1236; Dusha v. Commissioner,82 T.C. 592, 597-601 (1984). When frivolous cases such as this are brought to Court, there is a question as to whether damages should be awarded under section 6673, I.R.C. 1954. Section 6673 provides: *475 Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. We have decided to impose such damages in this case in the amount of $1,000 since this proceeding was instituted primarily for delay. An appropriate order will be entered.
Footnotes
1. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
2. Only petitioner Patrick C. McCarty appeared at the hearing.↩