STEVEN J. WAGNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wagner v. Commissioner
Docket No. 3211-85.
United States Tax Court
T.C. Memo 1987-601; 1987 Tax Ct. Memo LEXIS 600; 54 T.C.M. (CCH) 1263; T.C.M. (RIA) 87601; December 7, 1987. Steven J. Wagner, pro se. Michael J. Cooper, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax (Sections)
Year
Deficiency
6651(a)(1) [1]
6653(a)
6654
1978
$ 10,346.70
$ 2,586.68
$ 517.34
$   331.06
1979
11,794.90
2,948.73
589.75
493.41
1980
14,307.90
3,576.98
715.40
911.45
1981
16,811.10
4,202.78
840.56
1,288.09
1982
16,843.40
4,210.85
842.17
1,639.84
1983
16,327.95
4,081.99
816.40
999.04
In addition, respondent seeks an award of damages pursuant to section 6673. The issues for consideration are: (1) whether petitioner had unreported taxable income as determined by respondent; and if so, (2) whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1), 6653(a) and 6654; and (3) *602 whether damages should be awarded to the United States pursuant to section 6673. FINDINGS OF FACT Petitioner resided in Arvada, Colorado, at the time of filing the petition herein. He filed a Federal income tax return for 1975 [2] on which he reported a total income of $ 11,355, comprised solely of wages derived from his employment as a laborer. On this return, petitioner reported that he was married with three children. Petitioner did not file Federal income tax returns for any of the years in issue (1978-1983). During the years in issue, petitioner was employed by Guaranteed Landscaping Service (GLS), a landscaping business owned by petitioner's father, James P. Wagner. GLS also employed petitioner's four brothers. At some point prior to 1980, petitioner and his brothers took control of GLS' operations and its business records from their father. In April of 1984, as a result of a referral from respondent's Collection Division, Revenue Agent Mavis Brisse (Agent Brisse) began an examination of petitioner *603 for the years 1978-1983. She was informed that there were no books, records or documents available to determined petitioner's 1978-1983 income. Using petitioner's 1975 return as a starting point, Agent Brisse determined petitioner's marital status, family size, place of residence, and source of income. She also used a Revenue Agent Report which had been prepared as a result of the examination of petitioner's 1976 and 1977 taxable years by another agent. See note 2, supra. Her investigation revealed that petitioner was married, had a family of at least four, and resided in the Denver metropolitan area. During the audit, petitioner was uncooperative; he refused to provide any information regarding his income, expenses or financial status for the years in issue. GLS also refused to provide Agent Brisse with documentation of petitioner's employment or income. In his limited communications with respondent, petitioner asserted Fifth Amendment privileges, as he felt that he was being criminally investigated by respondent; respondent denied these assertions. Based on the information derived from petitioner's 1975 return and the Revenue Agent's Report for 1976 and 1977, Agent *604 Brisse reconstructed petitioner's income for 1978-1983 using the U.S. Bureau of Labor Statistics (BLS) cost-of-living figures. Using the BLS schedules for a four-person family [3] in a U.S. metropolitan area, the agent computed petitioner's income for 1978 to 1981 as follows: Year
Income
1978
$ 28,186
1979
31,187
1980
35,391
1981
39,117
BLS schedules were not published after 1981. To reconstruct petitioner's income for 1982 and 1983, the agent increased petitioner's computed income for 1981 ($ 39,117) by 5.1 percent, which represented the rise in the Consumer Price Index (CPI) from October 1981 to October 1982. For the October, 1982 to October, 1983 period, the CPI rose 2.4 percent. As a result, petitioner's income for 1982 and 1983 was computed by the agent to be as follows: Year
Income
1982
$ 41,111.96    ($ 39,117 x 1.051)
1983
42,304.00 [4] ($ 41,111.96 x 1.024)
*605 Based upon the failure of petitioner to file returns for the years at issue and the lack of any information from petitioner with respect to the same, respondent issued a notice of deficiency for the years 1978 through 1983. The deficiency was derived from Agent Brisse's reconstruction of petitioner's income. Respondent also determined additions to tax for late filing under section 6651, for negligence or disregard of rule and regulations under section 6653(a), and for failure to pay estimated tax under section 6654. He also seeks damages under section 6673. Petitioner presented "tax protestor-type" arguments. He claims that he is not a taxpayer and that he has been denied his constitutional protection under the Fifth Amendment. OPINION The first issue for decision is whether petitioner had unreported taxable income as determined *606 by respondent. When a taxpayer fails to maintain adequate books and records, respondent is entitled to reconstruct the taxpayer's income by any reasonable method. Holland v. United States,348 U.S. 121 (1954); Mallette Bros. Construction Co. v. United States,695 F.2d 145, 148 (5th Cir. 1983); Cupp v. Commissioner,65 T.C. 68, 82 (1975), affd. without published opinion 559 F.2d 1297 (3d Cir. 1977); see section 446. The use of BLS figures and the CPI in determining taxable income has been approved by this Court as acceptable and reasonable methods of income reconstruction. Pollard v. Commissioner,786 F.2d 1063, 1066 (11th Cir. 1986), affg. T.C. Memo. 1984-536; Giddio v. Commissioner,54 T.C. 1530 (1970). [5] The burden of proof is on petitioner to show that the statutory notice is arbitrary, excessive or without foundation. Helvering v. Taylor,293 U.S. 507 (1935); Jackson v. Commissioner,73 T.C. 394 (1979). However, "The Commissioner's determination is not made arbitrary or unreasonable because of his failure to have all the facts when *607 the failure is caused solely by the petitioner." Roberts v. Commissioner,62 T.C. 834, 836-837 (1974). Respondent was forced to reconstruct petitioner's income for the years in issue using BLS cost-of-living figures because petitioner did not file returns for such years and he did not provide respondent with any information as to his income, deductions, employment, family size, etc. During the trial of this case, petitioner refused to present any evidence as to his employment, income, deductions, etc. He chose to remain silent except to assert time-worn, protestor-type arguments. *608 Petitioners' silence, coupled with the inability of respondent's agents to obtain third-party records for 1978 through 1983, [6] required respondent to determine petitioner's income through the BLS method of income reconstruction. Under the circumstances involved herein, we do not find respondent's use of the BLS cost-of-living figures, coupled with the CPI for the taxable years 1978 through 1983, to be arbitrary, excessive or without foundation. Thus, we sustain the deficiencies as determined by respondent. Petitioner consistently maintained during this litigation his Fifth Amendment right against self-incrimination even though respondent's counsel advised petitioner that he was not the subject of any criminal investigation. Petitioner may not invoke the Fifth Amendment privilege against self-incrimination where the possibility of criminal prosecution is remote or unlikely. Remote or speculative possibilities of prosecution for unspecified crimes are not sufficient to initiate the privilege. Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983), affg. T.C. Memo. 1983-12; *609 Rechtzigel v. Commissioner,79 T.C. 132 (1982), affd. per curiam 703 F.2d 1063 (8th Cir. 1983); Reiff v. Commissioner,77 T.C. 1169 (1981); McCoy v. Commissioner,76 T.C. 1037 (1981), affd. 696 F.2d 12234 (9th Cir. 1983); Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,71 T.C. 633 (1979). Accordingly, we find petitioner's Fifth Amendment arguments to be without merit. Petitioner presented numerous arguments of a tax protestor nature. These arguments are devoid of merit and warrant no further discussion. [7]
We now turn our attention to the additions to tax determined by respondent. Section 6651(a)(1) imposes an addition to tax for failure to timely file a tax return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Such additions are presumed *610 correct and will be upheld unless the taxpayer presents evidence controverting their applicability. Abramo v. Commissioner,78 T.C. 154, 163 (1982). Petitioner filed no Federal income tax returns for 1978 through 1983, and presented no evidence to prove that such failure was due to reasonable cause and not due to willful neglect. Therefore, the additions to tax under section 6651(a)(1), as determined by the Commissioner, are sustained. Rule 142(a). Section 6653(a) [8] provides that, if any part of any underpayment of tax is due to negligence or intentional disregard of rules and regulations there shall be added to the tax an amount equal to five percent of the underpayment. Petitioner bears the burden of proving that his underpayment was not due to negligence of intentional disregard of rules and regulations. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Petitioner presented no evidence to dispute respondent's determination with respect to the additions to tax under section 6653(a); accordingly, respondent's determination in this regard is sustained. *611 Respondent also determined additions to tax under section 6654 for the underestimation of income tax. Where payments of tax, either through withholding or by making estimated tax payments quarterly during the course of the year, do not equal the percentage of total liability required under the statute, imposition of the addition to tax under section 6654 is automatic, unless petitioner can show that one of several statutory exceptions applies. The burden to show qualification for such exception is on petitioner. Habersham-Bey v. Commissioner,78 T.C. 304, 319-320 (1982); Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). Petitioner has not sustained this burden. He made no withholding or tax payments during any of the years in issue; respondent's determination with respect to the addition to tax under section 6654 is, therefore, sustained. Finally, respondent seeks damages of $ 5,000 to be awarded to the United States on the grounds that petitioner maintained this proceeding primarily for purposes of delay or that his position was frivolous. Section 6673 provides that damages may be awarded "Whenever it appears to the Tax Court that proceedings *612 before it have been instituted or maintained by the taxpayer for delay [or] that the taxpayer's position in such proceeding is frivolous or groundless * * *." Petitioner failed to file returns for the years in issue. He refused to cooperate with respondent's agents and refused to supply such agents with any information because, among other reasons, respondent's agents were not able to satisfy petitioner that he was a "taxpayer" and that the providing of such information was not in violation of his Fifth Amendment privilege. Petitioner was given ample opportunity to present evidence to refute respondent's determination; he failed to do so. Instead, he presented protestor-type arguments throughout the pendency of this litigation. In addition, he filed briefs which were typical tax protestor documents. Petitioner's course of conduct convinces us that he instituted these proceedings primarily to delay the payment of his taxes. Moreover, his position in this case is frivolous and groundless. We, therefore, award damages to the United States under section 6673 in the amount of $ 5,000. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. It appears that petitioner may have filed returns for 1976 and 1977; the record does not reveal, however, whether respondent determined deficiencies for such years. ↩
3. The BLS schedules used by Agent Brisse provided figures only for families with up to four members. Although petitioner's 1975 return indicated a family of five, respondent's agent utilized the four-person family schedule, which resulted in a reduced income determination. ↩
4. Respondent computed petitioner's income for 1983 to be $ 42,304.00. Our computations show the correct figure to be $ 42,098.65 ($ 41,111.96 x 1.024 = $ 42,098.65), resulting in a difference of $ 205.35. As the difference is de minimis, and since petitioner did not object, we will use the higher amount as determined by respondent for 1983. ↩
5. The BLS method of income reconstruction has been held reasonable in a series of memorandum decisions of this Court. See Wheeling v. Commissioner,T.C. Memo 1982-246, affd. 709 F.2d 1512 (6th Cir. 1983); Kindred v. Commissioner,T.C. Memo. 1979-456, affd. 669 F.2d 400 (6th Cir. 1982); Funk v. Commissioner,T.C. Memo. 1979-426, affd. 672 F.2d 922 (9th Cir. 1982); Denson v. Commissioner,T.C. Memo. 1982-360; Howarth v. Commissioner,T.C. Memo. 1981-393↩. 6. Respondent was unable to obtain records from GLS pertaining to petitioner for these years. ↩
7. Petitioner claims that he is not a taxpayer, that numbers assigned by respondent to him (i.e., social security, taxpayer I.D., etc.) constitute the "mark of the beast," and that constitutional violations against bills of attainder were committed. ↩
8. Prior to 1982, section 6653(a) read as follows: (a) NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH RESPECT TO INCOME OR GIFT TAXES. -- If any part of any underpayment (as defined in subsection (c)(1) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.
Section 6653(a) was amended to read as follows, applicable to taxes the last date prescribed for payment of which was after December 31, 1981: (a) NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH RESPECT TO INCOME, GIFT, OR WINDFALL PROFIT TAXES. -- (1) IN GENERAL. -- If any part of any underpayment (as defined in subsection (c)(1) of any tax imposed by subtitle A, by chapter 12 of subtitle B or by chapter 45 (relating to windfall profit tax) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. (2) ADDITIONAL AMOUNT FOR PORTION ATTRIBUTABLE TO NEGLIGENCE, ETC. -- There shall be added to the tax (in addition to the amount determined under paragraph (1) an amount equal to 50 percent of the interest payable under section 6601 -- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to the negligence or intentional disregard referred to in paragraph (1), and (B) for the period beginning on the last date prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax). ↩