BRUCE JARRELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jarrell v. Commissioner
Docket No. 14756-92.
United States Tax Court
T.C. Memo 1994-77; 1994 Tax Ct. Memo LEXIS 78; 67 T.C.M. (CCH) 2244; February 24, 1994, Filed *78 An appropriate order and decision will be entered for respondent. Bruce Jarrell, pro se. For respondent, Donna B. Read. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a) [1]
Sec. 6654
1982
$ 15,485
$ 3,871
$   774
$ 1,508
1983
15,365
3,841
768
940
1984
10,385
2,596
519
653
1985
19,817
4,954
991
1,136
1986
17,705
4,426
885
857
1987
21,880
5,470
1,094
1,182
1988
24,031
6,008
1,202
1,537
1989
28,739
7,185
--
1,944
1990
24,255
6,056
--
1,595
Petitioner failed to report or pay taxes on his income for each of the years in issue. Thus, the issues for decision are: (1) Whether respondent correctly determined the amount of income which petitioner failed to report for each of the years in issue; (2) whether petitioner is liable *79 for the additions to tax for deliquent filing, negligence, and underpayment of estimated tax pursuant to sections 6651(a)(1), 6653(a), and 6654, respectively; and (3) whether petitioner should be required to pay a penalty to the United States under section 6673(a)(1). All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Petitioner resided in Cleburne, Texas, at the time he filed his petition. Respondent determined petitioner's income for each of the years in issue based on third-party reporting information, except for 1982 and 1986. For 1982, respondent determined petitioner's income on the basis of the consumer price index, and for 1986, respondent determined petitioner's income by using the bank deposits method. At trial, petitioner admitted that he worked during each of the years in issue and that he received compensation for the performance of such work. Petitioner offered no evidence to rebut respondent's determinations. Rather, he made protester type arguments for failing to file the required tax returns and pay the tax due, namely (1) that *80 the filing of tax returns and the payment of taxes are voluntary acts and that he did not wish to voluntarily do so; and (2) that if he filed tax returns, he would be waiving his constitutional rights. Petitioner asserted in his petition that he is entitled to deductions for "medical payments" and "business expenses, etc.", but he failed to substantiate his entitlement to such deductions. OPINION The first issue for decision is whether petitioner is liable for the deficiencies as determined by respondent. Preliminarily, we note that respondent's determinations are presumptively correct and petitioner bears the burden of proving otherwise. Rule 142(a). Respondent was forced to reconstruct petitioner's income for the years in issue because petitioner did not file returns for such years and did not provide respondent's agents with information as to his income or deductions. At trial, petitioner refused to present any meaningful evidence. Rather, he chose to espouse time-worn, protester type arguments. Petitioner posited that his Fifth Amendment right against self-incrimination relieved him from the need to testify. Respondent's counsel advised petitioner that he was not the *81 subject of any criminal investigation, and this Court informed him that invoking the Fifth Amendment privilege against self-incrimination was inappropriate where the possibility of criminal prosecution is remote or unlikely. (Remote or speculative possibilities of prosecution for unspecified crimes are not sufficient to initiate the privilege. Steinbrecher v. Commissioner, 712 F.2d 195 (5th Cir. 1983), affg. T.C. Memo. 1983-12; Rechtzigel v. Commissioner, 79 T.C. 132 (1982), affd. per curiam 703 F.2d 1063 (8th Cir. 1983); Burns v. Commissioner, 76 T.C. 706 (1981); Wilkinson v. Commissioner, 71 T.C. 633 (1979).) Petitioner's silence was of his own choosing; he must suffer the adverse consequences flowing therefrom. Petitioner's tax-protester arguments are devoid of merit and warrant no further discussion. Under the circumstances involved herein, we sustain the deficiencies as determined by respondent. We now turn our attention to the additions to tax determined by respondent. Section 6651(a)(1) imposes *82 an addition to tax for failure to timely file a tax return, unless the taxpayer establishes that such failure is due to reasonable cause and not willful neglect. Such additions are presumed correct and will be upheld unless the taxpayer presents evidence controverting their applicability. Abramo v. Commissioner, 78 T.C. 154, 163 (1982). Petitioner presented no evidence to prove that his failure to file the required tax returns was due to reasonable cause and not due to willful neglect. Therefore, the additions to tax under section 6651(a)(1), as determined by respondent, are sustained. Rule 142(a). Section 6653(a) provides that, if any part of any underpayment of tax is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Petitioner bears the burden of proving that his underpayment was not due to negligence or intentional disregard of rules and regulations. Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Petitioner presented no evidence to refute respondent's determination with respect to the additions to tax under *83 section 6653(a); accordingly, respondent's determination in this regard is sustained. Respondent also determined additions to tax under section 6654 for the underestimation of income tax. Where payments of tax, either through withholding or by making estimated tax payments quarterly during the course of the year, do not equal the percentage of total liability required under the statute, imposition of the addition to tax under section 6654 is automatic, unless petitioner can show that one of several statutory exceptions applies. Petitioner bears the burden to show qualification for such exception. Habersham-Bey v. Commissioner, 78 T.C. 304, 319-320 (1982); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner has not sustained this burden. He made no withholding or tax payments during any of the years in issue. Respondent's determination with respect to the additions to tax under section 6654 is, therefore, sustained. Finally, we turn to respondent's request that a penalty of $ 25,000 be awarded to the United States on the grounds that petitioner's position is frivolous and/or because petitioner instituted *84 or maintained this proceeding primarily for purposes of delay. Section 6673(a)(1) provides that a penalty not in excess of $ 25,000 may be awarded "Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay [or] the taxpayer's position in such proceeding is frivolous or groundless". Petitioner was given ample opportunity to present evidence to refute respondent's determination. He failed to do so, choosing instead to present protester type arguments. Petitioner's course of conduct convinces us that he instituted the instant proceedings primarily to delay the payment of his taxes. Moreover, the position he took herein is frivolous and groundless. We, therefore, award a penalty to the United States under section 6673(a)(1) in the amount of $ 5,000. To reflect the foregoing, An appropriate order and decision will be entered for respondent. Footnotes
1. Plus 50 percent of the interest due on the deficiency.↩